## SAWYER *v.* WILSON.

### Opinion delivered January 14, 1907.

1. TAX SALE—SUFFICIENCY OF DELINQUENT LIST.— Where a list of delinquent lands states, in appropriate columns, the valuation of the land, the total taxes, the penalty, the various fees and the total taxes, penalty and costs, the court will take notice that the dollars are stated in whole numbers and the cents and mills decimally.  (Page 324.)

2. TAX SALE—SUFFICIENCY OF DELINQUENT LIST.—A tax sale is not void because the delinquent list blends all the taxes due on the land into a lump sum, as the amounts due to the various funds can readily be ascertained by references to the tax books.  (Page 324.)

3. SAME—PRESUMPTION IN FAVOR OF CLERK'S DEED.—Under Kirby's Digest, § 7104, providing that a clerk's tax deed is a *"prima facie* evidence that all the prerequisites of the law were complied with by all the officers who had, or whose duty it was to have had, any part or action in the transaction relating to or affecting the title conveyed," etc., there is

a presumption in favor of such deed that the collector attached his oath to the list of delinquent lands as required by law. (Page 325.)

4.  SAME.—FAILURE OF ASSESSOR TO TAKE OATH.—A tax sale is not invalidated by the failure of the assessor to take the special oath prescribed by Kirby's Digest, § 6956. (Page 325.)

Appeal from Mississippi Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*S. S. Semmes,* for appellant.

1. The title of appellee's vendor was divested by previous tax forfeitures, occuring in 1871 and 1882, so that the ancestor of the vendor had no title at the time of his death which could pass to or vest in his heirs at law under the patent obtained by them in 1903. Hence neither appellee nor those under whom he claims to hold had any title at the time of collector's sale in 1895. No title having since been acquired by them from the Federal Government or from the State, appellee was barred by the statute. Kirby's Digest, § 7105. Moreover, appellee must recover by the strength of his own title and not upon the weakness of his adversary's. 92 S. W. 537.

2. The tax sale was valid. Only such sales are absolutely void as are made in violation of constitutional requirements, whereby the owner is deprived of some substantial right. 46 Ark. 107; 55 Ark. 199. In this case, the "record of the list and notice of sale of delinquent lands sets out in parallel columns the names of the landowners, parts of section, section, township, range, area, valuation, total tax, penalty, clerk's fees, collector's fees, advertising, and total tax, penalty and cost charged to and affecting each tract, followed by the notice of sale properly worded, signed and sealed by the clerk, and at the foot of the list the clerk's certificate, made before the day of sale, shows the publication of the list and notice in the manner and for the time required by law. This is such a substantial compliance with the statute as furnishes both the owner and the prospective purchaser with all information necessary for their protection. *Supra;* Kirby's Digest, § § 7085, 7086; 22 Ark. 561.

3. Appellant, having paid seven years taxes in succession under color of title, has acquired title by limitation. Acts 1899, March 18; 74 Ark. 310 *et seq.;* 68 Ark. 211.

If appellant's certificate of purchase under the collector's sale in 1895 be construed as sufficient to start the statute to running, then appellant's defense was complete, he having from that date paid nine successive yearly taxes on the land. 71 Ark. 386.

*J. T. Coston* and *Murphy, Coleman & Lewis,* for appellee.

1. The tax sale was void. (a) Examination of the record of the list and notice of sale of lands delinquent for the taxes of the year 1894 discloses nothing to indicate what the numerals set out in the parallel columns under the various headings appearing at the top of the same, represent,—nothing to show whether they represent dollars, cents, mills, or mere numerals. No presumption can be divulged that they represent an amount of money. 38 S. W. (Tenn.) 285; 20 Ill. 341; 6 Cold. (Tenn.) 400; 30 Cal. 610; 31 Cal. 132; 90 Cal. 444; 86 Ind. 51; 2 Utah, 114; 7 Mackey, 94; 3 Sawy. 22; 1 Wall. 398.

(b) It was void also because the taxes were blended so that the owner could not determine the amount of each tax, State, county, municipal, etc., he was to pay, and hence could not tell whether or not he was charged with any illegal or excessive tax. Kirby's Digest, § 7060; 68 Ark. 248; Blackwell on Tax Titles, 163; 1 Idaho (N. S.), 667; 1 Green (15 (N. J. L.), 326; 39 Ill. 108; 1 Pick. 482; 96 Mich. 155; 18 N. J. L. 11; Cooley on Taxation (3 Ed.) 792; Welty on Assessments, § 223.

(c) The collector failed to attach his affidavit to the delinquent list. When the certified copy of the delinquent list fails to show the verification of the collector required by law, it must be taken that the list was not verified. 1 Cooley on Taxation, 824-7.

(d) The assessor failed to endorse his oath upon the assessment books. Kirby's Digest, § 6956; 34 Fed. 701; 140 U. S. 634.

(e) The clerk failed to certify on the record of the list and notice of sale the length of time the sale was published before the second Monday in June then next ensuing.

2. The complaint alleges, and the answer admits, that the State issued patent to appellee's grantors in 1903,—after the

tax forfeiture of 1895. Appellee is therefore within the exception named in the statute. Kirby's Digest, § 7105. The State's patent will prevail unless the defendant shows that prior thereto the legal or equitable title had passed from the State and to a person from whom he deraigns title. 73 Ark. 30. The tax sale to appellant in 1895 was void because the land was not then subject to taxation. A forfeiture of State land for taxes is void. 75 Ark. 146. If, as is contended by appellant, the land was forfeited to the State in 1884, it then became the property of the State, and there is nothing to show that it had again become subject to taxation at the time of the tax sale in 1895, under which he claims. He having shown that it had ceased to be taxable, it is presumed to have continued so until the contrary is shown. Kirby's Digest, § § 7025, 6977; Greenleaf, Ev., 16 Ed., 138, § 41; 4 Ark. 456 22 Ark. 466; 25 Ark. 458; 48 Ark. 551.

3. There is no allegation in the answer nor any proof whatever that the land was either unimproved or uninclosed during any of the time appellant was paying taxes on it, and this was an affirmative defense which it was necessary for the appellant to allege and prove in order to bring him within the terms of the act of March 18, 1899.

Appellant's tax deed having been executed on December 6, 1897, his first payment of taxes thereafter being on January 17, 1898, and suit being commenced on September 12, 1904, his claim of title by virtue of seven years' payment of taxes can not avail. 1 Wall. 637; 23 Ill. 387; 47 Ill. 477; 96 Ill. 415; 99 Ill. 372; 183 Ill. 538; 99 N. W. 855. A certificate of purchase at a tax sale is not color of title within the meaning of the act. A certificate of title vests in the purchaser neither the legal nor the equitable title to the land sold. 26 Ark. 48; 73 Ark. 221; ib. 344; 23 Ill. 512; 183 Ill. 548. See also 14 Neb. 361; 66 Ver. 173; 37 Mo. 310; 5 McLean, 189; 58 Ga. 350; 34 N. H. 544.

*W. J. Lamb, amicus curiae.*

Seven consecutive annual tax payments are equivalent to seven years' possession under the act, and seven years need not necessarily pass between the date of the first payment under

color of title and the date of filing suit. This court has held that the words * * * "shall have paid such taxes for at least seven years in succession," mean seven annual payments of taxes, and that time is not the criterion. Compare, § § 5057 and 665, Kirby's Digest; 68 Ark. 211; 74 Ark. 302.

BATTLE, J. R. E. Lee Wilson brought suit against E. L. Sawyer in the chancery court of the Chickasawba District of Mississippi County, in this State, to quiet his title to a certain tract of land, described in his complaint, by setting aside a deed executed to the defendant by a county clerk, conveying such tract to him on account of his purchase thereof at a sale in the year 1895 of the tract in controversy and other lands returned delinquent and sold for the taxes of 1894. He admits the sale, the purchase by the defendant, and the execution of the deed, but insists that the sale is void for the following reasons:

First. In the record of the list and notice of sale of lands delinquent for the year 1894, in parallel columns, appear the headings, names, parts of section, section, township, range, acres, valuation, total taxes, 25 per cent. penalty, clerk's fees, advertising, sheriff's fees, total taxes, penalty and costs, and under these headings respectively are the following: Ozark Land Company, N. E. ¼ 9, 14, 12, 127, 150, 2.25, .56, .15, .25, .10 and 3.31. He alleges that there is nothing to indicate what the figures 150, 2.25, .56, .15, .25, .10, 3.31 denominate; that they may be dollars, or cents, or mills; but there is nothing to show that they indicate an amount of money at all.

Second. The taxes are blended, that is, the State, county and other taxes are not kept separate, so that the owner can tell the amount of each tax he was required to pay.

Third. The collector failed to attach his affidavit to the delinquent list returned by him.

Fourth. The assessor failed to indorse his special oath upon the assessment books.

Fifth. The clerk failed to certify on the record of the list of delinquent lands and notice of sale "the length of time the sale was published before the second Monday in June then next ensuing."

The chancery court found the sale void, and set aside the deed; and the defendant appealed.

First. The following is a copy of the record of the list of so much of the lands delinquent for the year 1894, in Mississippi County, Arkansas, as is involved in this suit, valuations, etc.

| NAMES | Parts of Section | Section | Township | Range | Acres | Valuation | Total Taxes | 25 per ct. Penalty | Clerk's Fees | Advertising | Sheriff's Fees | Costs, Penalty and Total Taxes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| X | X | X | X | X | X | X | X | X | X | X | X | X |
| OZARK LAND CO | N.E. | 9¼ | 14 | 12 | 127 | 150 | 2.25 | .56 | .15 | .25 | .10 | 3.31 |
| X | X | X | X | X | X | X | X | X | X | X | X | X |

Lands in this State are assessed in dollars and cents. Taxes are payable only in money or its representative. "Our denominations of money are dollars, cents and mills—the dollars being stated in figures, in whole numbers, and the cents and mills decimally, as .05 for five cents, and .005 for five mills." In the foregoing list, under the heading clerk's fees, we know that .15 means fifteen cents, under advertising .25 means twenty-five cents, and under sheriff's fees, .10 ten cents, these being fees of such officers fixed by law and chargeable against lands sold for taxes. From this it appears that .56 under the heading .25 per cent. penalty means fifty-six cents, and 3.31 under total taxes, penalty and cost means three dollars and thirty-one cents, and 150 under the head of valuation is for one hundred and fifty dollars. This is common knowledge; and the delinquent list is sufficient.

Second. There is no law prohibiting the blending of all taxes in a delinquent list of lands as published for sale. This is immaterial, and can not affect the owner. The taxes and amount of each charged against the land can be readily ascertained by reference to the tax books. *Scott* v. *Watkins*, 22 Ark. 556, 561.

Third.   There was no evidence that the collector failed to attach his oath to the list of lands returned by him delinquent, as required by law; and the deed executed by the clerk is *prima facie* evidence of that fact.   Kirby's Digest, § 7104.

Fourth.   The tax sale was not invalidated by the failure of the assessor to take the special oath prescribed by section 6956 of Kirby's Digest.   *Barton* v. *Lattourette,* 55 Ark. 81.

Fifth.   The clerk certified on the record the length of time that the lands delinquent on account of the non-payment of the taxes of 1894 was advertised for sale before the second Monday in June, 1895.   The sale was on the 10th of June, 1895. The clerk certified that the list of lands delinquent for such taxes was published in the *Osceola Times,* a newspaper published in the town of Osceola, Mississippi County, Arkansas, for two weeks, weekly, the first publication being on May 25th, the next June 1st, and the last June 8th, 1895, and was also published in the *Mississippi County Democrat,* a newspaper published in the town of Osceola, Mississippi County, Arkansas, the first publication being May 23d, the second May 30th, and the last June 6, 1895.   The certificate shows the length of time for which the list was published for sale.

The sale and deed are valid.

Decree reversed, and the cause remanded with directions to the court to dismiss the complaint for want of equity.