## PORTER *v.* IVY.

Opinion delivered September 24, 1917.

1. TAXES—LEVY—COUNTY TAXES—PROCEDURE.—Kirby's Digest, § 1498, providing for the manner of levying certain taxes applies only to county taxes.

2. TAXES—METHOD OF LEVYING.—The levying court *held* to have proceeded properly under the statute in levying certain county taxes.

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Gustave Jones,* for appellant.

The tax sale was void. The law was not complied with. Art. 7, § 3, Const.; Kirby's Digest, § § 1496-8; 100 Ark. 488; 22 Mich. 104; 103 Ark. 579.

The record does not show that a vote was taken, but only recites that it was unanimously ordered, not voted, and does not show that a quorum was present.

*Hillhouse & Boyce,* for appellee.

The sale was not void. All necessary steps were taken according to law as the record shows. 81 Ark. 73-79; 71 *Id.* 222; 107 *Id.* 374-380.

Every presumption is in favor of the legality of the proceedings. 3 Cyc. 275; 31 Ark. 193; 2 *Id.* 14; 87 *Id.* 406; 66 *Id.* 183; 68 *Id.* 340. The records show that the taxes were properly levied.

McCULLOCH, C. J. This case involves the question of the validity of a tax sale of land in Jackson County, which is assailed on the ground that the record of the county court fails to show the levy of taxes in accordance with the requirements of the statute. The contention in support of the attack upon the validity of the sale is that the record of the levying court fails to show in detail the affirmative and negative votes on the proposition or motion to levy the taxes as provided by statute, which reads as follows:

"The clerk of the circuit court in person, or by deputy in his capacity as clerk of the county court, shall attend the sitting of said court and keep in the county court record a fair written record of the proceedings of said court, and the names of those members of the court voting in the affirmative and of those voting in the negative on all propositions or motions to levy a tax or appropriate any money shall be entered at large on said record." Kirby's Digest, § 1498.

This statute applies, it is claimed, to the levying of State taxes and school taxes. The record of the county court, introduced in evidence in this case, recites in the opening order the presence of the county judge and certain of the justices of the peace, naming them, and then follows the recital of the levy of the State taxes in the following language:

"On this day it was unanimously ordered by the court that a State tax of six and eighty-seven and one-half mills on the dollar be, and the same is hereby, levied on all taxable property, both real and personal, in Jackson

County as follows, towit'' (here follows the items composing the levy of the different State funds). There is also a recital in the following language of the levy of the school taxes: "On this day it was unanimously ordered by the court that the following tax be, and the same is hereby, levied on all taxable property, both real and personal, within the various school districts of Jackson County, Arkansas, as and for the purposes voted for by the electors of said school districts at an election held in the said Jackson County, Arkansas, on the third Saturday in May, 1911, as certified to this court by the judges and clerks of said election in said school districts as follows, towit. (Then follows the amount of taxes voted and levied in each school district.) "And a vote was taken upon each of said amounts so levied as above set out, separately as they were certified to this court by the judges and clerks of said election held in said several school districts, and each and every justice of the peace voted 'yes' on each of said several levies as above set out.''

There is no contention in the case with reference to levy of taxes for county purposes. It is erroneous to assume that the statute concerning the method of levying taxes by the county levying court applies to State taxes, for it is obvious that the statute is intended to apply only to county taxes. In fact, the statute, in express terms, limits its own operation to the levy of "county, municipal and school taxes for the current year." Kirby's Digest, § 1499, subdivision 8. State taxes are levied by the Legislature and the clerk of the county court is required by statute to extend upon the tax books the taxes levied for State purposes as certified by the Auditor of State. Kirby's Digest, § 7020. The Auditor is required by statute to "give notice to such clerks of the county court of the rates per centum required by the General Assembly to be levied" for State purposes, and that the rates so certified "shall be by the county clerks levied upon the taxable property contained in the tax books of their respective counties." Kirby's Digest, § 7033.

It is contended that the constitutional provision (art. 7, § 30) for the levying of county taxes by the court composed of the justices of the peace of each county sitting with the county judge applies to State taxes levied in the county. In other words, the contention is, as we understand it, that the words "county taxes" include all taxes to be imposed in the county for both State and county purposes. This is not, however, the correct interpretation of the language of the Constitution. It is intended to provide a method of levying taxes for county purposes. The language of the Constitution clearly contemplates that State taxes are to be levied by the Legislature, for there is contained in that instrument an express limitation upon the power of the Legislature as to the amount of taxes to be levied. Art. 16, § 8. But, even if the statute applied to the levy of State taxes, the record shows sufficient compliance with respect to those taxes, as well as the levy of school taxes. The record recites the names of the justices of the peace who were present and the court will take judicial knowledge of the fact that those present constituted a quorum. It is not essential to the validity of the record that it must contain an affirmative recital of the fact that a majority of the justices of the peace were present. And the recital in the record that the levy of the taxes was "unanimously ordered" is, in connection with the preceding recital of those present, tantamount to a specification of the names of those who voted on the question. *Hilliard* v. *Bunker,* 68 Ark. 340; *Morris* v. *Levy Lumber Co.,* 103 Ark. 579.

The statute provides that the county court must levy school taxes (Kirby's Digest, § 7595), but, as before stated, the record shows a compliance with the statute in the manner of levying those taxes. The attack upon the validity of the sale is, therefore, unfounded and the chancellor was correct in so deciding.

Decree affirmed.