## Massengale v. Brown.

### Opinion delivered June 25, 1923.

QUIETING TITLE—REMOVAL OF TAX TITLE—BURDEN OF PROOF.—It is essential to the maintenance of an action to remove a clerk's tax deed as a cloud upon plaintiff's title, under Crawford & Moses' Dig., § 10110, that plaintiff should prove that he or those under whom he holds had title at the time of the sale, or that title was obtained from the United States or this State after the sale.

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*Emmet Vaughan,* for appellant.

Tax sale was void because there was no competitive bidding. 70 W. Va. 136, 73 S. E. 261; 2 Ohio 504, 15 Am. Dec. 576; 6 Wall. 268, 18 U. S. L. ed. 796; 31 Ia. 578; 37 Ia. 601; 1 Blackwell on Tax Titles, 559; 2 Cooley on Taxation, 943. It is undisputed that there was an agreement among the persons present at the sale not to bid against each other. Tax levy was void. Taxes were levied, before the appropriations were made, contrary to law. Insufficient penalty added. C. & M. Digest, 10086; 37 Cyc. 1289, 1290, note 65; 155 Mich. 502, 119 N. W. 912; 112 N. W. 930; 37 Cyc. 1338; 83 N. E. 730; 41 Kan. 751, 21 Pac. 776. Defendant denied that plaintiff acquired title under the sheriff's sale, but his deed was color of title entitling it to redeem. 39 Ark. 580; 42 Ark. 215; 74 Ark. 572; 76 Ark. 551; 74 Ark. 343.

*F. E. Brown, pro se.*

Plaintiff must show title in himself, in order to have an outstanding tax deed canceled as a cloud on his title, under § 10110, C. & M. Digest. Necessary for plaintiff to show title in himself or that title was obtained from the United States or from this State after the sale, all of which he failed to do. Did not even testify that he was the owner of the land when it was sold for taxes. 73 Ark. 557; 84 Ark. 1; 133 Ark. 559; 99 Ark. 137. To avoid a tax sale the unlawful combination between the bidders must be clearly and conclusively proved. Ann. Cas. 1913-D 959; 134 N. W. (N. D.) 43. Testimony does not show levy made before appropriations. Case is controlled by 142 Ark. 293.

WOOD, J. This action was instituted by the appellant against the appellee. The appellant alleged that he is the owner of a certain tract of land, which he described in his complaint; that he acquired title thereto as follows: "Cain, sheriff, to J. E. Massengale, trustee deed, dated September 4, 1908, and recorded in Deed Record Book 3, p. 117." He alleged that he is a nonresident of the State, and that Harry M. Woods of Augusta, Arkansas, was his agent, with instructions to pay the taxes on the land, but that he failed to pay same for the year 1914, and the same was returned delinquent for that year; that appellee, Brown, purchased the land at a tax sale by the collector of Prairie County on the 10th day of June, 1915, for the taxes of 1914, and on the 25th day of June, 1917, received a clerk's deed therefor and had the same duly recorded in the records of the Northern District of Prairie County. He set up that the tax sale was void for the reason that the land was not sold at competitive bidding, as required by § 8739 of Kirby & Castle's Digest; that the bidding at the sale was stifled by agreement of the bidders not to bid against each other, but to bid the lands in as a whole, each bidder taking his turn as the land numbers were called, and also because there was no

legal levy of school, county or road taxes in School District No. 10 for the year 1914, and because the clerk erred in charging only the penalty of ten per cent., when the penalty of twenty-five per cent. is required by law. The appellant tendered, in his complaint, the taxes and expenses incurred by the appellee for tax deed, and alleged that the appellee's deed was a cloud on his title, and prayed that the deed be canceled.

The appellee answered, and denied the allegations of the complaint. The appellant filed an affidavit that he had tendered the taxes to the appellee. To sustain his complaint, the appellant deraigned title through one W. R. Cain, acting sheriff of Woodruff County, substituted trustee in a deed of trust, by which the land in controversy was conveyed, under a special power and according to the terms specified in the deed of trust, from the American Sawmill Company, a corporation, to the Massengale Lumber Company.

Testimony was adduced bearing upon the other issues raised in the complaint and answer, but the conclusion we have reached makes it unnecessary to set it forth. The court rendered a decree dismissing the complaint for want of equity, from which is this appeal.

Section 10110, Crawford & Moses' Digest, among other things, provides as follows: "But no person shall be permitted to question the title acquired by a deed of the clerk of the county court without first showing that he, or the person under whom he claims title to the property, had title thereto at the time of the sale, or that title was obtained from the United States or this State after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid."

The testimony in this record, as abstracted by the appellant, does not prove that the American Sawmill Company had any title to the land conveyed by the deed of trust to the Massengale Lumber Company. The allegations of the complaint show that this action is an at-

tack upon the tax deed executed to the appellee by the clerk under the provisions of § 10108 of Crawford & Moses' Digest, and which was *prima facie* evidence of title in him. Sec. 10109, C. & M. Digest; *Sawyer* v. *Wilson,* 81 Ark. 319; *Gammon* v. *Moore,* 83 Ark. 196; *Alexander* v. *Capps,* 100 Ark. 488; *Newman* v. *Lybrand,* 130 Ark. 424.

It was essential to the maintenance of the appellant's action that he prove that he or those under whom he holds had title at the time of the sale, or that title was obtained from the United States or this State after the sale. *Osceola Milling Co.* v. *Chicago Lumber Co.,* 84 Ark. 1. See also. *Rhea* v. *McWilliams,* 73 Ark. 557. This the appellant did not do. Therefore the decree is in all things correct, and it is affirmed.