STRINGER *v.* CONWAY COUNTY BRIDGE DISTRICT.

4-3270

Opinion delivered December 18, 1933.

*Edward Gordon,* for appellant.

*E. A. Williams,* for appellee.

MEHAFFY, J. The appellee filed, in the Conway Chancery Court, a complaint against delinquent lands, alleging that the Conway County Bridge District was duly organized, and the assessment of benefits was duly made and extended against the real estate and lands within the district, and annual tax levied thereon, for the purpose of paying and retiring the bonds and other indebtedness incurred in the construction and completion of said improvement. It is alleged that the lands described were duly assessed for taxes for the years 1925 to 1930,

inclusive, and that the assessments are past-due and unpaid, and that the bridge district, appellee, is entitled to recover the taxes, together with the 25 per cent. penalty, interest, and cost and reasonable attorney's fee, all of which constitute a valid, subsisting lien upon said lands, lying and being situated in the county of Conway, State of Arkansas. Then follows a description of the lands, and prayer for taxes, interest and cost; that the lien of the said district be declared, decreed and enforced, and that the lands be sold as provided by law for the payment of said taxes, interest, penalty, attorney's fee, and cost and all other proper and equitable relief. Summons was issued and published as required by law.

The appellant, W. H. Stringer, filed intervention, answer, and plea of *res judicata*. In his plea, appellant claimed to be the owner and in possession of certain lots, describing them, and alleging that he had purchased the property from the State of Arkansas under the provisions of act 296 of the Acts of 1929. Appellant further alleged that on March 23, 1933, the chancery court of Conway County entered a decree confirming the title in the State, in and to the lands purchased by the intervener, and vesting the absolute title in the intervener, free from any liens or claims by the Conway County Bridge District. A copy of said decree was attached to, and exhibited with, the intervention, and made part thereof. The appellant pleaded this decree as a complete bar to appellees' right to judgment against the property owned by the intervener.

The appellees filed a reply to the answer and plea of *res judicata* of appellant, stating numerous reasons why the sale to the State was illegal. Appellant demurred to the reply, and asked that his title to the property described be quieted and confirmed. The chancery court dismissed, for want of equity, the pleas filed by appellant, and overruled his demurrer, and dismissed appellant's petition, and granted the relief prayed for by the appellees, and sustained the lien.

It is the contention of the appellant that when he received a deed from the State, it was free from all liens of improvement district assessments.

When lands are forfeited to the State for nonpayment of taxes, and confirmation is had under act 296 of 1929, all irregularities and informalities connected with the forfeiture and sale for taxes are cured, and in all cases where the State had the power to sell, the title may be confirmed in the State. If the State did not have the power to sell for taxes, then, of course, the sale would be absolutely void, and a confirmation would be void. If taxes on a tract of land had already been paid, the sale would be void, or if the property was not subject to taxation; but in all cases where the State has power to sell, and a decree has been entered in accordance with the provisions of act 296 of 1929, although the sale may be void for irregularities and informalities, all persons are barred by the decree of confirmation, and cannot thereafter take advantage of any informality or irregularity.

The decree, however, does not relieve a purchaser from the State of payment of assessments, because the sale to the State does not extinguish the lien, it merely suspends the lien while the title is in the State.

This court, in referring to the act of March 27, 1925, said that the statute, of course, had no application to the present litigation, but that § 5433 of Crawford & Moses' Digest was equally potential in continuing the lien of the improvement district, and in preventing its extinguishment by a sale for general taxes. The court further said: "The words, 'all demands, executions, incumbrances or liens whatsoever created,' have no reference to the State's paramount lien for taxes. But the words which follow unmistakably carry the meaning that the special taxes of the improvement district shall continue until fully paid, and are not extinguished. Of course, the forfeiture to the State of lands for general taxes necessarily suspends the enforcement of the special tax lien, as long as the title remains in the State, but, as the lien, under the terms of the statute, is not extinguished, and continues until the special taxes are paid, the same can be enforced when the land goes back into private ownership." *Turley* v. *St. Francis County Rd. Imp. Dist. No. 4*, 171 Ark. 939, 287 S. W. 196.

Act 71 of the Acts of 1917, creating the Conway County Bridge District, expressly provides that the assessments shall be a lien against all real estate in said district from the date of said resolution, and entitled to preference over all judgments, executions, incumbrances, or other liens whatever, and shall continue until such assessment, with any penalty and cost which may accrue thereon, shall be paid.

There is nothing in act 296 of the Acts of 1929 that changes this rule announced by this court, or repeals or modifies the law creating the lien. It is true that § 8 of act 296 provides that the improvement district may be made a party, and, if it wishes to do so, it may pay the taxes, penalty and cost, and be subrogated to State's lien for the amount so paid, and said improvement district may include the amount due the district for taxes, and have the right to foreclose for such amount, as though the same had been assessed against such lands in favor of the improvement district.

Section 9 of the act provides that the decree of confirmation shall operate as a complete bar against any and all persons who may thereafter claim said land in consequence of any informality or illegality in the proceedings, and the title to land shall be considered as confirmed and complete in the State forever. There is, however, no intimation in the act that improvement district taxes shall be extinguished.

We again held that forfeiture to the State of lands for general taxes necessarily suspends the enforcement of the special tax lien, as long as the title remains in the State, but, as the lien under the terms of the statute is not extinguished, and continues until the special taxes are paid, the same can be enforced when the land goes back to private ownership. *Hopper* v. *Chandler*, 183 Ark. 469, 36 S. W. (2d) 398.

We have repeatedly held that forfeitures to the State for general taxes suspends the enforcement of the lien for improvement district taxes, but it does not extinguish the lien. Therefore, when the appellant purchased the land in question from the State, the lien for bridge improvement districts attached, and, unless the assessments

were paid, the lands could be sold to enforce the lien. There is nothing in act 296, *supra,* that changes the law on this subject.

The failure of the clerk to post the delinquent list was an irregularity which was cured by the confirmation under act 296; and while the enforcement of the lien for improvement taxes was suspended while the title was in the State, no penalties attached during this time.

The decree of the chancellor is correct, and it is therefore affirmed.