Mixon *v.* Bell.

4-3839

Opinion delivered April 29, 1935.

*John C. Sheffield,* for appellant.
*W. G. Dinning,* for appellee.

HUMPHREYS, J. This suit in ejectment was brought on September 23, 1933, in the circuit court of Phillips County by appellant against appellee to recover possession of a tract of land occupied by appellee as his homestead for many years, described as follows: "The northwest quarter (NW¼) of the northwest quarter (NW¼) of section eight (8), township three (3) south, range three (3) east, Phillips County, Arkansas," alleging that she was the owner thereof under and by virtue of a tax deed from the State of Arkansas dated March 21, 1933. It was alleged in the complaint that the land was forfeited to the State for the nonpayment of the taxes of 1923, and that the title was confirmed in the State in accordance with the requirements of act 296 of the Acts of the General Assembly of 1929.

An answer was filed by appellee interposing the defenses: first, that the tax forfeiture of said lands for the taxes of the year 1923 was void for failure of the clerk to extend any taxes against said lands for the year 1923, and that the clerk was without authority to sell same to the State; and second, that appellee attempted to pay taxes in good faith, but that the collector refused to permit him to do so, because the books showed that it was assessed in the name of E. M. Pipkin.

The cause was submitted to the court, sitting as a jury by agreement, upon the pleadings, the State Commissioner's deed to appellant, the decree of the chancery court confirming the title to said land in the State of Arkansas, and a stipulation as to the facts in the case, resulting in a dismissal of appellant's complaint, from which is this appeal. The stipulation, in substance, is as follows: that appellee would, if present, testify that he tendered to the collector of Phillips County, Arkansas, within the time prescribed by law for the payment of taxes assessed against the lands in question for the year 1923, an amount sufficient to pay the taxes assessed against said lands, but that the collector refused to accept payment for the reason that the lands stood assessed in the name of E. M. Pipkin as owner; that the appellee had been in actual, open, and continuous possession of the lands in question for twenty-five years previous to

the time of the bringing of the lawsuit, and during all that time occupied same as his own; that the record of the real estate tax books for the year 1923, now in the possession of the clerk of Phillips County, Arkansas, wherein the taxes for the year 1923 were extended against the lands situated in said district, reflects the following as to the particular land in question: Name of Owner, E. M. Pipkin. Value fixed by County Court ...................................., Value equalized by the Tax Commission ....:...................................., School District ...................................., Rate of District School Tax ...................................., State Tax ...................................., County Tax ...................................., District School Tax ...................................., City Tax ....................................; that the record of assessment and extension of taxes in Phillips County, Arkansas, for the year 1923 which was referred to by the defendant shows no money extensions against any of the lands contained on page 223 where the lands in controversy in this suit is described with reference to State tax, county tax, or district school tax, but at the top of the page there appears these words: "State Tax 8 7/10 mills" in one column, and in the other column the words "County Tax 8 Mills," and in another column, "District School Tax 10 Mills."

Appellant contends for a reversal of the judgment, because any defects in the State's title were cured by the confirmation suit brought by the State under act 296 of the Acts of the General Assembly of 1929. The act referred to was construed in the case of *Stringer* v. *Conway County Bridge District*, 188 Ark. 481, 65 S. W. (2d) 1071, as curing the State's title to forfeited lands for informalities and irregularities only connected with the assessment and sale thereof, but where the State was without power to sell lands for failure to pay taxes thereon for any reason, the confirmation decree would not and could not perfect the title in the State. In the instant case, there was no proper extension of the taxes against these lands on the tax record; hence the attempted sale thereof was without power or authority, and the State acquired no title by virtue of the confirmation decree.

There is another potent and conclusive reason why the State acquired no title to said lands under the sale

for the nonpayment of the taxes for the year 1923, and under the confirmation decree. Appellee, in good faith, offered to pay the collector a sufficient sum to cover the taxes, which the collector refused to accept for the reason that it was assessed in the name of E. M. Pipkin. Under the following decisions of this court, by reason of the attempt to pay and the refusal to accept the taxes, the collector became powerless to return the lands delinquent, and the sale thereof for the nonpayment of the taxes to the State was absolutely void and incurable by the confirmation decree. *Kinsworthy* v. *Austin*, 23 Ark. 375; *Gunn* v. *Thompson*, 70 Ark. 500, 69 S. W. 261; *Scroggin* v. *Ridling*, 92 Ark. 630, 121 S. W. 1053; *Knauff* v. *National Cooperage and Woodenware Co.*, 99 Ark. 137, 137 S. W. 823; *Forehand* v. *Higbee*, 133 Ark. 191, 202 S. W. 29; *Robertson* v. *Johnson*, 124 Ark. 405, 187 S. W. 439.

The judgment is affirmed.