LAMBERT *v.* REEVES.

4-4819

Opinion delivered November 29, 1937.

1110

*Bevens & Mundt*, for appellant.

*C. L. Polk, Jr.,* for appellee.

*J. G. Burke, Jno. I. Moore, Jr.,* and *G. D. Walker,* amici curiae.

McHANEY, J. Appellees brought this action against appellant to cancel a tax deed from the state to appellant, dated June 8, 1936, and to quiet title in them to west half of section 16, township 5 south, range 1 east and south half of northeast quarter section 31, township 4 south, range 2 east, Phillips county, which land was alleged to be their property, and was wild, unimproved and not held adversely by appellant. It was further alleged that there was an attempt to forfeit and sell said lands to the state for the nonpayment of taxes due for the year 1926, and that said forfeiture and sale were and are void for various reasons hereinafter mentioned. Appellant answered denying the various grounds of in-

validity set out in the complaint, and, for affirmative defense, pleaded confirmation of the sale to the state, under the provisions of act 296 of 1929, on May 28, 1931, and also pleaded the curative provisions of act 142 of 1935.

The case was tried on stipulation of facts, in substance as follows: 1. That appellees were the owners in fee of said lands at the time of the alleged forfeiture and sale for the taxes of 1926, that the lands were wild and unimproved and that no taxes thereon were paid for 1926; 2, that said lands were assessed in 1925 for the taxes of 1926 by assessing all of section 16, 640 acres at a valuation of $6,400, and the land in section 31, 80 acres at a valuation of $640; 3, that the county clerk delivered the tax books to the collector on January 6, 1927, without extending the taxes on the books in dollars and cents, and in the following form:

| Name of Owner | Date Paid | Parts of Section | Section | Township | Range | AREA Acres | AREA 100ths | Valuation | School Dist. | School Tax Rate, Dist. | State Tax 8.7 Mills | County Tax 8 Mills | City Tax | Laconia Levee Dist. Tax | Helena Ferguson Road Dist. Tax |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reeves, W. D. Est. (above listed on Page 47) | | All | 16 | 5S | 1E | 640 | | 6400 | 31 | 12 | | | | 448.00 | 336.00 |
| Reeves Timber Co. (above listed on Page 176) | | S½ NE¼ | 31 | 4S | 2E | 80 | | 640 | 34 | 12 | | | | 3.20 | 63.00 |

Also that the warrant for the collection of taxes as required by law was attached to the last of three books, which was entitled "Real Estate Tax Book, city of Helena," which was not the book in which rural property was described; 4, that the collector failed to file with the clerk as is required by law, a delinquent list showing the amount of taxes delinquent on each description reported delinquent * * *; 9, that the lands involved were certified to the state; 10, that the state secured a decree of confirmation to its title under said act 296 of 1929, on May 28, 1931; and 11, on June 8, 1936, sold same to appellant.

Based on this stipulation the court entered a decree canceling appellant's deed from the state and quieting title in appellees, on the finding "that by reason of the failure of the clerk of Phillips county to extend the taxes against said lands as is provided by law, that the sale of said lands for taxes for the year 1926 to the State Land Commissioner of the state of Arkansas was void for want of power and authority, and that the defendant's deed from the state of Arkansas to said lands is a cloud on plaintiffs' title, and that plaintiffs' title to said land is superior and paramount to any right, claim or interest of the defendant."

For a reversal of the judgment, appellant contends, first, that there was no failure in Phillips county to extend the taxes on the tax records against these lands; and second, that if there were a failure to extend the taxes, such failure should be designated as a mere informality or irregularity, which is cured by the confirmation decree under act 296 of 1929, or by the later curative act, No. 142 of 1935. We cannot agree with appellant on either contention. As shown above, the lands involved were properly described and properly assessed, but there was a total failure on the part of the county clerk to extend in dollars and cents in the columns in the tax-books provided for that purpose, the amount of state tax due on said property, the amount of county tax, the amount of school district tax and the total of all taxes. The only tax extended against said lands was the amount due the Laconia Levee District and the

Helena-Ferguson Road District. In this respect, the clerk failed to perform a duty required of him by law. Section 13758 of Pope's Digest provides: "The clerk of the county court shall, after receiving statements of the rates and sums of money to be levied for the current year from the Auditor of State, and from such other officers and authorities as shall be legally empowered to determine the rates or amount of taxes to be levied for the various purposes authorized by law, forthwith determine the sums to be levied upon each tract or lot of real property in his county adding the taxes of any previous year or years that may have been omitted, and upon the amount of personal property, moneys and credits listed in his county in the name of each person, company or corporation, which shall be assessed equally on all real and personal property subject to such taxes." This section makes it imperative upon the clerk to "determine the sums to be levied upon each tract or lot of real property in his county adding the taxes of any previous year or years that may have been omitted." This would seem to be an unnecessary requirement if it did not mean that he was required to put the sum so found to be due on the tax books for the information of the collector, so that the collector, when any person calls to pay his taxes, may determine the sums due and payable from the books, without having to make the calculations himself. Here, the clerk made no calculations. He failed to determine the sums due upon this property or, if he did, he failed to put said sums upon the tax books. No taxpayer could look at the books himself and determine the amount of taxes that had been assessed against his land, without making the calculations himself, and it is extremely doubtful whether one taxpayer in ten could make the calculations. In *Sawyer v. Wilson,* 81 Ark. 319, 99 S. W. 389, Judge BATTLE, speaking for the court, holding the delinquent list sufficient against attack, said: "There is no law prohibiting the blending of all taxes in a delinquent list of lands as published for sale. This is immaterial, and can not affect the owner. The taxes and amount of each charged against the land can be readily

ascertained by reference to the tax books." To support this statement, the case of *Scott* v. *Watkins,* 22 Ark. 556, is cited. In that case, it was said: "The statute does not require the advertisement to state the sums of the state and county taxes severally, though it is perhaps customary to do so. If the advertisement had stated the aggregate amount of taxes due upon the land, with the penalty added, it would have been sufficient, we think, without setting forth what sum was due for state, and what for county taxes." These cases have reference to the delinquent list and the advertisement of delinquent lands for sale, and not to the extension of the taxes on the tax books by the clerk. Appellees could not have readily ascertained by reference to the tax books what the taxes against their lands were, either for state, county, school district or for the total amount of all taxes thereon. In this respect, the case at bar differs from *Evans* v. *F. L. Dumas Store, Inc.,* 192 Ark. 571, 93 S. W. (2d) 307, and *Alphin* v. *Banks,* 193 Ark. 563, 102 S. W. (2d) 558. In the former case, all of the several amounts of taxes were actually extended against the land including state, county, school district and total, and the same thing is true in the latter case. In that case, the court said: "There is filled in, however, the blanks opposite each tract of land giving its description and area the total state tax due at the rate of 8.7 mills, and the county tax at the rate of 8 mills, and the school tax at the appropriate rate, which, as to the lands here under consideration, was 12 mills, and then the sum total of these taxes. There was a column—which was not filled—for the city taxes; but these lands were not subject to a city tax. In addition to the column showing the assessed valuation there was another column showing the value as equalized, and still another column showing the value as fixed by the county court." It will be seen that in both cases, the taxes were extended as required by law. In both cases, the rate of state tax was 8.7 mills and the rate of county tax was 8 mills, just as in the case at bar. In the Alphin case, it was contended that each separate millage tax for state purposes that went to make up the total of

8.7 mills and each millage county tax that went to make up the total of 8 mills should have been separately shown on the tax books and not grouped under one head, and it was in answer to this contention that the court correctly used this language: "The objection is made to the failure of the county clerk to extend upon the tax books the amount of taxes to be collected for the various purposes for which the state and county levies were expressly imposed. We do not find any statute which requires this to be done. To impose this requirement would greatly increase the cost of making up a tax book, and would require a book of unwieldly size." There are many millage taxes levied for state purposes that go to make up the total of 8.7 mills and there are at least two millage taxes levied for county purposes that go to make up the total of 8 mills, for instance, 5 mills for county general purposes and 3 mills for road tax. There is no requirement of law that these separate mills be itemized on the tax books and the tax extended for each separate purpose, and it is proper to group all of the state taxes under one heading and all of the county taxes under one heading and it is a sufficient extending of taxes if the amount is thus determined in dollars and cents based upon the assessed valuation, but anything short of this would not be a complete and valid assessment of taxes. The statute referred to above expressly requires it to be done and failure to comply with it results in an invalid assessment of taxes or no assessment at all. As said by Judge BATTLE in *Sawyer* v. *Wilson, supra,* "Lands in this state are assessed in dollars and cents. Taxes are payable only in money or its representative."

The result of our views on this point is that there was a total failure in Phillips county, at least as to these lands, to extend the taxes on the tax records.

It is next contended that confirmation under act 296 of 1929 cures the defect in failing to extend the taxes against said lands. We have several times held that a decree of confirmation under said act has the effect of curing all irregularities and informalities in the assessment of taxes and the subsequent sale of delinquent real

property in those cases where the state acquired the power to sell. *Little Red River Levee District No. 2 v. State,* 185 Ark. 1170, 52 S. W. (2d) 46; *Stringer v. Conway County Bridge District,* 188 Ark. 481, 65 S. W. (2d) 1071; *Kirk v. Ellis,* 192 Ark. 587, 93 S. W. (2d) 139, and *Mixon v. Bell,* 190 Ark. 903, 82 S. W. (2d) 33. This point is ruled adversely to appellant's contention in *Mixon v. Bell, supra.* In that case, as in this, the tax records of Phillips county were involved. The land was assessed by the assessor, but the clerk had failed to extend the taxes just as in this. It was there said: "* * * that the record of assessment and extension of taxes in Phillips county, Arkansas, for the year 1923 which was referred to by the defendant, shows no money extensions against any of the lands contained on page 223 where the lands in controversy in this suit is described with reference to state tax, county tax, or district school tax, but at the top of the page there appears these words: 'State tax 8 7/10 mills' in one column, and in the other column the words 'county tax 8 mills,' and in another column, 'district school tax 10 mills'." Based upon these facts, the court said: "Appellant contends for a reversal of the judgment, because any defects in the state's title were cured by the confirmation suit brought by the state under act 296 of the Acts of the General Assembly of 1929. The act referred to was construed in the case of *Stringer v. Conway County Bridge District,* 188 Ark. 481, 65 S. W. (2d) 1071, as curing the state's title to forfeited lands for informalities and irregularities only connected with the assessment and sale thereof, but where the state was without power to sell lands for failure to pay taxes thereon for any reason, the confirmation decree would not and could not perfect the title in the state. In the instant case, there was no proper extension of the taxes against these lands on the tax record; hence the attempted sale thereof was without power or authority, and the state acquired no title by virtue of the confirmation decree." The two cases are exactly in point and to hold as appellant contends would require us to overrule this well considered case, which we decline to do.

It is furthermore contended that this is a collateral attack upon the decree of confirmation. Even so, if the confirmation decree is void, in so far as it attempts to confirm a tax sale that is void for the defect above mentioned, then it is open to collateral attack, as a void judgment may be attacked collaterally. *Hart* v. *Wimberly,* 173 Ark. 1083, 296 S. W. 39; *Bragg* v. *Thompson,* 177 Ark. 870, 9 S. W. (2d) 24.

It is finally said that act 142 of 1935 cures the defect in failing to extend the taxes against this land as required by law. Again we cannot agree that such is the fact. All that act proposes to cure is "any irregularity, informality or omission by any officer in the assessment of said property, the levying of said taxes, the making of the assessor's or tax book." The defect was in the failure of the clerk to extend the taxes levied in dollars and cents so that the taxpayer might know how much he owed in money.

We, therefore, hold that said act 142 did not have the effect of curing the defect here involved. Both it and the confirmation decree heretofore referred to did have the effect of curing the other defects mentioned in the agreed statement of facts, as these were mere irregularities or informalities.

The decree of the chancery court is correct, and is in all things affirmed. It is so ordered.

SMITH and MEHAFFY, JJ., concur.

SMITH, J., (concurring). The majority say there was a total failure to extend on the tax book the 1926 taxes. The only taxes extended against the land were those due the Laconia Levee District and the Helena-Ferguson Road District. There was, as the majority say, "A total failure on the part of the county clerk to extend, in dollars and cents, in the columns in the tax books provided for that purpose, the amount of state taxes due on said property, the amount of county taxes, the amount of school district taxes, and the total of all taxes." On these facts all must agree that the tax sale was void, and was not cured by the confirmation decree. The case of *Mixon* v. *Bell,* 190 Ark. 403, 82 S. W. (2d) 33,

so expressly held. But the instant case does much more than to reaffirm the holding in the Mixon case, *supra*.

It is now held that, not only does the failure to extend the total amount of all taxes invalidate a sale beyond the power of a confirmation decree to cure, as was held in the Mixon case, with which holding I am in entire accord, but that the failure to extend and calculate separately the taxes due the state, county and the school district renders the sale invalid, and that there is no authority to collect any taxes unless these items are separately calculated and extended upon the tax books.

This holding is so far reaching, and will be so disastrous to the beneficiaries of the various taxes, that I am constrained to register my dissent.

The majority opinion, in practical effect, makes the payment of current taxes optional, by relieving the taxpayer of any apprehension that the sale of his land for the non-payment of taxes will cause him to lose it, even though he fails to redeem it, after the sale, and permits the state to confirm the sale by a proper decree.

I submit that the statutes of this state, and the opinions of this court cited by the majority, furnish no basis for that holding. It may be conceded that for many years it was the practice to so rule the tax books as to provide columns for the extension of the amounts due the various taxing agencies. This operated to increase the fees and emoluments of the county clerks in many counties where, even with these fees, those officers were poorly paid; but the majority opinion cites no law which required that this should be done.

This custom was within the knowledge of Judge BATTLE when he wrote the opinion in *Sawyer* v. *Wilson*, 81 Ark. 319, 99 S. W. 389, in which he said there was no law prohibiting the blending of all taxes in the delinquent list of lands as published for sale. He made this statement upon the authority of the case of *Scott* v. *Watkins*, 22 Ark. 556, from which he quoted and where it had been said: "The statute does not require the advertisement to state the sum of the state and county taxes severally, although it is perhaps customary to do so." I submit

it is the holding of this case that mere custom cannot add to the requirements of the statute. If it is essential to a valid sale that the taxes be separately calculated and extended upon the tax books, which but few, if any taxpayers, would ever see, it would be equally essential that the landowner have this information in the notice of the sale of his land, and the Sawyer case expressly holds that this is not essential to a valid sale.

Now it is true that the argument was made in the case of *Evans* v. *Dumas Stores, Inc.,* and *Alphin* v. *Banks,* cited by the majority, that the tax sale would be void where there was no separate extension of the taxes due the state, county, etc. The argument there made, that the sales there questioned were void, because those taxes had not been separately calculated and extended upon the tax books, was met with the answer that this had in fact been done, and if this had been done those sales could not be held invalid, even though the law imposed this requirement. It was not necessary, in either of those cases, to discuss or decide whether the law imposed this requirement. It was sufficient to say that the thing insisted upon had in fact been done. It was said, however, in the Alphin case, *supra,* in discussing this quotation that: ''We do not find any statute which requires this to be done.''

The majority say that § 13758 of Pope's Digest imposes this requirement. I do not so construe that section, and no case has been called to our attention which does. It was insisted, in our consultation, that such was the effect of *Porter* v. *Ivy,* 130 Ark. 329, 197 S. W. 697, cited as a note to that section, and as a note also to the corresponding § 10010, Crawford & Moses' Digest.

It is so obvious that this case does not support the majority opinion that it is not there cited. Lest someone else may entertain this misapprehension, I briefly review that case. It was there insisted that the county levying court had not authorized the extension of the state taxes, and that, lacking this authorization, the sale for taxes, including the state taxes, was void. The opinion by Chief Justice McCulloch points out the manner

in which state taxes are levied, as distinguished from the levy of taxes for county and school purposes. The point which was there in issue, and which was decided by the court, was stated by Chief Justice McCulloch as follows: "In other words, the contention is, as we understand it, that the words, 'county taxes,' (which a local agency was required to levy) include all taxes to be imposed in the county for both state and county purposes." In overruling that contention, it was said: "State taxes are levied by the Legislature, and the clerk of the county court is required by statute to extend upon the tax books the taxes levied for state purposes as certified by the Auditor of State." In other words, it was the duty of the county clerk to extend the state taxes upon the tax books, although that action had not been directed by the levying court; but it was not held that this must be done by extending these taxes separately and apart from the other taxes.

These taxes were extended when they became, and were made, a part of the total taxes due on the land, for the particular year. That total must, of course, be stated to make a valid sale. The extension of taxes is not complete until that total has been extended upon the tax books, but the state taxes were extended when they were included in the sum total of all the taxes due. The sale here under review is void because this was not done, and inasmuch as the extension was not completed by showing the total amount of taxes due, there was a defect which neither a confirmation under the Confirmation Act nor the provisions of act 142 of the Acts of 1935 could cure. The Mixon case so holds, and was correct in so holding; but it is a very great—and I think unwarranted—extension of that case to now hold that the items making up the total amount of taxes should be separately calculated and extended.

Does § 13758 of Pope's Digest require this to be done, as the majority have concluded? An analysis of that section will answer this question. Its requirements are that the county clerk shall (a) after receiving statements of the rates and sums of money to be levied for

state purposes from the Auditor of State, and (b) after receiving similar information from other officers and authorities empowered to determine rates and amounts to be levied for the other various purposes authorized by law, to then, forthwith, determine, from these statements, the sums to be levied on all the real property in his county, and to these amounts he is required to add the taxes of any previous year which have been omitted, and he is then required to compute the taxes upon the valuations of the personal property at the same rate employed in computing the taxes upon the real estate. There are no other provisions in this section, and something must be read into it—which does not there appear—if we are to impose the additional requirement that the county clerk shall separately compute and extend the taxes due each of these taxing agencies against each tract of land or against the total valuation of an owner's personal property.

In the case of *Alphin* v. *Banks, supra,* cited by the majority, it was pointed out that ''The law requires that the books be uniform and be approved by the Tax Commission. Section 9880, Crawford & Moses' Digest.'' The duties of the Tax Commission have been transferred to a department of the Arkansas Corporation Commission by act 165 of the Acts of 1937, p. 613. Section 9880, Crawford & Moses' Digest, requires the Tax Commission to prepare and furnish the blanks and records to be used in the extension and collection of taxes in each county, and that no other records shall be used. These tax books are so ruled as to show all the items the statutes require. An examination of a sheet from one of these books shows that separate columns are not provided for the state and county taxes, as distinguished from other taxes, but that there is a column for the total amount of taxes. Tax books of this character appear to have been used since the passage of act 16 of the Special Session of 1933, p. 61, approved August 25, 1933, and the books now in use show only the total taxes, and not the separate items making up this total.

It must, therefore, follow, from the majority opinion, that all sales for taxes thus extended are void, al-

though no other irregularity attends the sale, and that the infirmity is one which a confirmation decree will not cure.

The collector must, of course, account to each taxing agency for the taxes collected for its benefit, and that result is arrived at by adding the total of all valuations both of real estate and personal property upon which taxes were paid for the account of such agency, and multiplying that total by the appropriate rate of taxation. It may be, as the majority say, that all taxpayers are not able to make these calculations; but the taxpayer may know what his total valuations are, both upon his real estate and his personal property, and he may know the sum total of all the rates of tax he is called upon to pay. If he wishes to verify the accuracy of his tax statement, his perplexity would not be diminished, nor would the labor of his calculations be reduced, by determining the tax due on his various valuations for each of the purposes, and adding them together, rather than by multiplying the valuation by the total amount of all the various rates.

There appears to be neither reason, nor requirement of law, for the separate extension of the various amounts of taxes on the tax books due each taxing agency, and to impose this unnecessary and useless requirement very greatly increases the cost incident to the collection of taxes, and will invalidate all tax sales which have been made for the past several years.

I, therefore, dissent, and am authorized to say that Justice MEHAFFY concurs in the views here expressed.

McHANEY, J., (supplemental opinion). On further consideration on our own motion, we have reached the conclusion that our opinion, rendered herein on November 29, 1937, is incorrect in holding that the failure of the county clerk, in all instances, to extend in dollars and cents in the columns in the tax books provided for that purpose, the amount of the several taxes due the state and its various subdivisions and the total of all taxes, renders a tax sale based thereon void and not cured by subsequent confirmation.

Section 9880 of Crawford & Moses' Digest as amended by § 8 of act 172 of 1929, now digested as § 13648, Pope's Digest, reads as follows:

"The Arkansas Tax Commission shall prepare and furnish, at the proper time, to the county clerks in this state, copies for all lists, blanks and records to be used in the assessment, extension and collection of taxes, and the county clerk shall have all such lists, blanks and records made at the expense of the county; provided, this shall not apply to poll tax receipts; and provided further, no lists, blanks or records shall be used by any official in the assessment, extension or collection of taxes, except as shall have had the approval of said commission.

"As soon after the passage and approval of this act as is practicable, and on or before the first day of January of each year thereafter, the county clerk shall furnish to the assessor all lists, blanks and records necessary for the assessment of all real and personal property for the year, same to be prepared by law provided unless otherwise directed by the A r k a n s a s Tax Commission."

We are of the opinion that this section confers authority on the Tax Commission to change the form of tax books so as to omit blank spaces for the extension in dollars and cents of the amounts due the state and its various subdivisions, such as counties, cities, towns and school districts, and that acting under this authority the Tax Commission has, for a number of years, approved forms of tax books which do omit such extensions. In view of this fact, the failure of the county clerk to make such extensions does not render a tax sale based thereon void. To this extent § 13758 of Pope's Digest is amended by necessary implication.

But in the case now before us, there was a failure, extend the total amount of taxes due, and this rendered not only to extend the various items, but a failure to the sale based thereon void, as it was not a complete assessment.

In the respects herein mentioned the opinion heretofore rendered is modified. In all other respects it is

approved, and the decree of the chancery court is not disturbed.

SMITH and MEHAFFY, JJ., concur.