**LUNDELL et al. v. WOOD et al.**
**WOOD et al. v. LUNDELL et al.**
Nos. 11706, 11708.

Circuit Court of Appeals, Eighth Circuit.

Nov. 28, 1940.

Rehearing Denied Dec. 18, 1940.

George K. Cracraft, of Helena, Ark. (Ozero C. Brewer, of Helena, Ark., on the brief), for E. W. Lundell et al.

J. G. Burke and G. D. Walker, both of Helena, Ark. (John I. Moore, of Helena, Ark., on the brief), for J. H. Wood et al.

Before STONE and GARDNER, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

The principal question presented on this appeal is whether by the law of Arkansas, a sale of land to the state for taxes, defective because the taxes were not fully extended on the tax books by the clerk of the county court, may be validated by the Chancery Court, acting under statutory authority.

The case involves the title to 960 acres of land in Phillips County, Arkansas, formerly belonging to the Lundell Land and Lumber Company, an Arkansas corporation. The county clerk of Phillips County, on February 19, 1938, had made a sale (or had attempted to make a sale) of this land, and had given deeds thereto, to the State of Arkansas for the taxes of 1934. On November 28, 1938, on the suit of the state, the Chancery Court of Phillips County entered a decree quieting and confirming the title of the state in the land. On December 12, 1939, the State Land Commissioner made a sale (or attempted to make a sale) of the land and had given a deed thereto to Wood, an appellee here. The present case was instituted in the District Court by E. W. Lundell and Raymond Lundell, the appellants, who claimed title from the Lundell Land and Lumber Company, who prayed in their complaint that the deeds to the state, the decree confirming the state's title, and the Land Commissioner's deed to Wood all be cancelled. The theory of the complaint was that the County Clerk of Phillips County had no authority to make the sale of February 18, 1938, that that sale was not valid, that there was no semblance of title in the state for the Chancery Court to confirm, and that the state had no title which the Land Commissioner could convey to Wood.

The contention that the sale on February 18, 1938, by the County Clerk to the state was not valid is bottomed on the statute and facts now set out.

Section 13758 of Pope's Digest of the Laws of Arkansas provides: "The clerk of the county court shall, after receiving statements of the rates and sums of money to be levied for the current year from the Auditor of State, and from such other officers and authorities as shall be legally empowered to determine the rates or amount of taxes to be levied for the various purposes authorized by law, *forthwith determine the sums to be levied upon each tract or lot of real property in his county* adding the taxes of any previous year or years that may have been omitted, and upon the amount of personal property, moneys and credits listed in his county in the name of each person, company or corporation, which shall be assessed equally on all real and personal property subject to such taxes."

Under this section it was the duty of the Clerk of the County Court to "determine the sums to be levied upon each tract or lot of real property in his county * * *."

This provision has been interpreted as requiring the clerk to set down in the tax books the taxes due. See Lambert v. Reeves et al., 194 Ark. 1109, 110 S.W.2d 503, 112 S.W.2d 33.

The record shows that on the "Real Estate Tax Books" of Phillips County for 1934, opposite descriptions of the land here involved, the clerk set down the valuations and the several tax rates (school district, state and county) but that he did not "extend" the tax, that is, *he did not set down the calculated total,* on the tax book in the column headed "Total Tax-State-County-School." All the factors were set down but the product resulting from the multiplication of valuation by rate was not set down. Counsel for appellee Wood concede in their brief that this "extension" of the total tax due was essential to a formal completion of assessment. Decisions of the Supreme Court of Arkansas seem to justify that concession, as they appear also to justify the further concession of appellee that the sale to the state for the 1934 taxes was invalid, unless the defect indicated in some way was cured. Mixon v. Bell, 190 Ark. 903, 82 S.W.2d 33; Lambert v. Reeves, 194 Ark. 1109, 110 S.W.2d 503, 112 S.W.2d 33.

The contention of appellee Wood that the state had good title when it conveyed to him is based, not on the validity of the original sale to the state, but on the decree of the Chancery Court confirming the state's title. That decree, handed down after hearing and due notice, "adjudged and decreed that the various sales for nonpayment of taxes upon the various tracts of land and for the years mentioned in the certificate of the State Land Commissioner be and each of them are hereby confirmed as to each and every tract of said lands as hereafter described * * *."

The Chancery Court acted pursuant to Act 119 of the Acts of Arkansas for 1935 which authorized the state to file a suit in the Chancery Court to confirm title in the state "whenever any real property * * * has been forfeited to the State for the non-payment of taxes." Section 1. The suit is required to be filed in the county where the real property is situated. Notice by publication is required. In Section 6 of the Act it is provided that—

"Any person firm, corporation, or improvement district claiming any interest in any tract or parcel of land adverse to the State shall have the right to be made a party to the suit, and, if made a party, the claims of any such person, firm, corporation, or improvement district shall be adjudicated. If any person, firm, corporation or improvement district sets up the defense that the sale to the State was void for any cause, such person, firm, corporation or improvement district shall tender to the clerk of the court the amount of taxes, penalty and costs for which the land was forfeited to the State, plus the amount which would have accrued as taxes thereon had the land remained on the tax books at the valuation at which it was assessed immediately prior to the forfeiture; provided, that there shall be credited on the amount due, any taxes that may have been paid on the land after it was forfeited to the State.

"In case any person, firm, corporation or improvement district so made a party defendant to the proceeding as hereinabove provided shall establish a valid defense, a decree of the court shall be rendered in favor of such defendant, with respect to the tract so affected and shall quiet the title thereto in such defendant, free from any claim of the State therein, upon payment by said defendant of the total amount of taxes, penalty and costs as hereinabove mentioned."

In Section 9 of the Act it is provided that—

"The decree of the Chancery Court confirming the sale to the state of such real property, as aforesaid, shall operate as a complete bar against any and all persons, firms, corporations, quasi-corporations, associations, and trustees who may thereafter claim said property except as hereinafter provided; and the title to said property shall be considered as confirmed and complete in the State forever; saving, however, to infants, persons of unsound mind, imprisoned beyond the seas, or out of the jurisdiction of the United States, the right to appear and contest the State's title to said land within one year after the disabilities are removed. The owner of any lands embraced in the decree may, within one year from its rendition, have the same set aside insofar as it relates to the land of the petitioner by filing a verified motion in the Chancery Court that such person had no knowledge of the pendency of the suit, and setting up a meritorious defense to the complaint upon which the decree was rendered. The chancellor shall hear such defense according to

the provisions of this Act as though it had been presented at the term in which it was originally set for trial."

It is not suggested in the briefs nor was it intimated in the oral argument that appellants did not have knowledge of the pendency of the chancery suit and a full opportunity to present their claims in the Chancery Court. Apparently they chose to ignore that proceeding.

1. We have reached the conclusion that the defect resulting from the failure of the clerk to extend the totals on the tax books was cured by the decree of the Court of Chancery and that the state had title when it conveyed through the Land Commissioner to Wood. We consider that the decision of the Supreme Court of Arkansas in Berry v. Davidson et al., 199 Ark. 276, 133 S.W.2d 442, 443, is directly in point and is controlling.[1]

In Berry v. Davidson, the facts were those now to be stated. Annie Berry owned a note secured by a mortgage on certain lands, including an 80 acre tract. She sued to foreclose. One Paschal, an intervenor, claimed superior title to the 80 acre tract, basing his claim on a tax deed from the state, dated September 25, 1936, and on a decree confirming title in the state, dated June 8, 1936. And now we quote from the opinion. Italics are ours.

"The plaintiff [Annie Berry was plaintiff] attacks the tax sale and asserts that the 80 acre tract of land was never sold by the collector of White county to the State of Arkansas for taxes due thereon for the year 1932, and adds to this assertion that 'it may be true that the collector attempted to sell the property but *the attempted sale was invalid for these reasons'*. There is then set out about ten different assignments or reasons for the invalidity of the tax sale. One is that *there was no proper levy of taxes in 1932 payable in 1933*, that *the taxes were never made and extended on the tax books of White county as provided by law*. * * *

"We think it might well be conceded by anyone who would read the record in this case that practically every objection argued by the appellant is in itself sufficient to establish the invalidity of the tax sale *except for the effect of the confirmation pleaded by the intervener, Paschal*. It may also be said further that the appellant's contention in regard to these matters is well fortified by the numerous well considered authorities cited. Indeed, we find no fault with the case of Mixon v. Bell, 190 Ark. 903, 82 S.W.2d 33. The same has been modified in the later case of Lambert v. Reeves, 194 Ark. 1109, 110 S.W.2d 503, 112 S.W.2d 33. These cases related to the proper extension of the taxes upon the tax book. * * *

"But notwithstanding this voluminous array of authorities we are impelled to hold that they are not applicable to the case at bar. *The trial judge held that the confirmation of this title cured all the defects.* * * *

"According to the terms of that statute [the reference is to Act 119 of the Acts of

---

[1] In the view we have taken of the case most of the questions argued in the briefs and orally have become academic and are not discussed in this opinion. In this footnote, however, we indicate the nature of these questions and the manner of their introduction into the controversy. The appellants, E. W. Lundell and Raymond Lundell, claiming title from the former owner of the land, the Lundell Land and Lumber Company, brought this suit as plaintiff against Wood and his wife and against Solomon, to whom Wood had given a deed of trust, to cancel the state's deed to Wood and to quiet title in plaintiffs. Plaintiffs prevailed in the district court. But the district court gave Wood judgment on his cross-complaint for the amount of state and county taxes discharged by his purchase of the land involved from the state and for taxes, with interest, he had paid the drainage district in which the land was situate. For these amounts Wood was given liens on the land. Wood had paid the taxes due the drainage district with drainage district bonds accepted for their full value of $7,248, although Wood had bought them for $2,416. Plaintiffs contended that Wood should be reimbursed only in the amount he paid for the bonds and not for the amount of taxes for which they were received and they appealed from the judgment against them in this connection. Wood, as cross-appellant, sought review of the judgment cancelling his title and quieting title in plaintiff. Wood appealed also from another insignificant subdivision of the judgment (the allowance to him in reimbursement only of $378.54, the amount he had paid in state and county taxes, rather than $961.00, the amount he had paid for the tax deed). Our disposition of the case makes unnecessary the consideration of any question except the principal question: Did Wood get good title from the state?

1935] when it shall have been invoked in regard to such tax sales, *we must, and do, hold that the decree of confirmation of a sale to the state operates 'as a complete bar against any and all persons, firms, corporations, quasi-corporations, associations * * * who may * * * claim said property,'* section 9, sold for taxes subject only to the exceptions set forth and stated in the act none of which is applicable to aid the appellant. * * *"

In Berry v. Davidson the decree of the trial judge, who had held "that the confirmation of * * * title . cured all * * * defects" including the defect "that there was no proper levy of taxes in 1932 payable in 1933, that the taxes were never made and extended on the tax books of White County as provided by law," was affirmed.

The decision in the case is exactly in point here. The Supreme Court of Arkansas has not since modified its interpretation of the law as set out in this case.

Berry v. Davidson was decided November 20, 1939. The decree in this case was handed down November 14, 1939. The learned district judge did not have the benefit of the last word of the Supreme Court. Counsel on both sides agree that before the decision of Berry v. Davidson the Arkansas decisions were not clear on the question involved here.

2. The judgment is reversed and the cause remanded with the direction that judgment be entered in accordance with this opinion.