### FELKER v. McKEE.

Opinion delivered May 29, 1922.

APPEAL AND ERROR—PROCEEDINGS ON REMAND.—A direction to the trial court, on reversing and remanding a case, to overrule a demurrer and proceed according to the principles of equity not inconsistent with the opinion, means that the trial court should render a decree in accordance with the record already made, and not that appellant might further develop his case.

Appeal from Benton Chancery Court; *Ben F. Mc-Mahan,* Chancellor; affirmed.

*Duty & Duty,* for appellant.

The chancellor misinterpreted the mandate of this court. In its order of reversal the court intended that the demurrer be overruled and to proceed to try the issue of facts. The chancellor has jurisdiction to proceed on any question not presented or settled by the decision. 16 Ark. 181; 54 Ark. 278; 72 Ark. 162; 102 Ark. 542; 82 Ark. 51; 72 Ark. 156. The case was not fully developed, due to a misconception of the law by the trial court. 88 Ark. 318; 110 Ark. 31; 99 Ark. 500.

The use of the words "for further proceedings" contemplated that there was to be a new trial. 122 Ark. 500; 92 Ark. 554. Where, on an appeal or writ of error, a cause is reversed and remanded for new trial, the case stands as if no action had been taken by the lower court. 122 Ark. 500; 79 Ark. 475.

The opinion of this court upon facts is not binding on the trial court, where a cause is remanded for further proceedings. 52 Ark. 473; 124 Ark. 545.

*E. H. Thomas, McGill & McGill,* for appellee.

If appellant conceived that the former decision was arrived at under a misapprehension of the evidence, his remedy was by motion for rehearing, filed with proper

time.  10 Ark. 186; 56 Ark. 170; 81 Ark. 440; 85 Ark. 158; 92 Ark. 484; 99 Ark. 218; 135 Ark. 372; 137 Ark. 341; 142 Ark. 434.

If it had been intended that a new trial was to be had upon the whole or any part of the case, specific directions to that effect would have been given.  *Deason & Keith* v. *Rock,* 149 Ark. 401.

Although the chancery court only passed on the demurrer, the case was heard upon the merits, and appellant could not appeal upon one branch and develop new evidence on a second trial.  85 Ark. 101; 93 Ark. 394; 4 C. J. 1116-17.

HUMPHREYS, J.  This is the second appeal in this case.  On former appeal the case appears under the style of *Maxwell* v. *Felker,* and may be found reported in 148 Ark., p. 393.  Reference is made to that case for a statement of the issues involved on the former appeal.  The case was reversed and remanded, with directions to overrule the demurrer, and for further proceedings to be therein had according to the principles of equity and not inconsistent with the opinion of the court.  Originally the cause had been submitted to the chancery court upon the pleadings and evidence.  The court did not pass upon the demurrer to the bill until the evidence had been concluded. At that time the demurrer to the bill was sustained, treating the bill as amended to conform to the facts, because the bill did not state sufficient facts to constitute a cause of action either in law or equity.  This court, however, upon the record made, on consideration of the pleadings, exhibits and evidence, held that the instrument made the basis of the suit was a promise on the part of J. E. Felker to the Citizens Bank of Rogers to pay $15,400, with interest at eight per cent. per annum, for the redemption of $15,400 of the preferred stock of Jones Brothers & Co. which had been pledged by Felker to said bank to secure said sum.  Upon reversal and remand of the cause J. E. Felker, appellant herein, requested the trial court to permit him to offer proof on the market value of Jones

Brothers & Co. stock, and further proof under his plea of payment. This request was refused, and the court proceeded to hear the case upon the record as originally made, over the objection and exception of appellant.

The only question presented for determination on this appeal is whether the court erred in overruling appellant's motion to permit him to offer further proof upon two of the issues presented by the pleadings in the cause. His case was submitted upon the merits in the original trial. Ample opportunity was given him to fully develop his case upon all issues presented by the pleadings. To construe a reversal and remand of a cause for further proceedings, which had been submitted originally upon the merits, to mean that appellant might further develop his cause would enable him to proceed in his case by piecemeal and try it over every time he secured a reversal *ad infinitum.* No suggestion was made to this court after the reversal of the cause, by motion for rehearing or otherwise, that all the issues joined had not been fully developed. The interim between the reversal of the cause and the issuance of the mandate was the time to suggest that all or certain of the issues had not been fully developed. Had this been done, and had the court been of the opinion that appellant was entitled to further develop the case, specific directions to that effect would have been included in the mandate. The language used upon the remand of this cause was similar to the language used in the case of *Deason & Keith* v. *Rock,* 149 Ark. 401. It was said by this court in that case that "unless the direction for a new trial is specifically made upon a part or all of the issues involved, a direction for further proceedings, according to law and not inconsistent with the opinion, can mean nothing more than to render a decree in accordance with the record made. * * * * We think a direction to a trial court, upon reversal and remand of a chancery decree for further proceedings according to law and not inconsistent with the opinion, means nothing more than to render a decree in accordance with the record made." It

is true that the Deason case did not go off on demurrer, but there is no difference in principle between that and the instant case, as in the instant case the cause was submitted to the court upon the pleadings and evidence for determination upon the merits. The dismissal of the suit on the ground that the bill, treating it as amended to conform to the facts, did not state facts sufficient to constitute a cause of action, either in law or equity, was, in effect, a hearing and dismissal of the cause of action upon the merits, notwithstanding that at the conclusion of the evidence the court sustained the demurrer to the bill. It was held by this court in the case of *Remmel* v. *Collier*, 93 Ark. 394, that where the whole case was submitted to the chancery court for a final hearing upon the pleadings and evidence, and the court sustained the demurrer and dismissed the cause, it was a hearing upon the merits, and it was the duty of appellant to bring up the whole record. This rule, of course, would have no application where a demurrer had been sustained to a bill and the bill dismissed without an inquiry into the merits of the cause. It only has application where the testimony is taken and the cause submitted upon the pleadings and evidence. In the instant case no directions were given to hear further testimony upon the issues involved, nor was a new trial ordered. The only direction given was to overrule the demurrer and proceed according to the principles of equity not inconsistent with the opinion. This meant that the court should retry the case upon the record already made and render a decree in accordance therewith.

No error appearing, the decree is affirmed.