## CRUCE *v.* HILL.

### Opinion delivered December 11, 1922.

APPEAL AND ERROR—PROCEEDINGS AFTER REMAND.—Where, in an action by a taxpayer to recover from a commissioner of a road improvement district sums illegally paid to him by the board of commissioners, the Supreme Court, on appeal, remanded the cause with directions to ascertain the amount illegally paid and to render judgment therefor, the trial court had no authority to entertain a counterclaim by defendant's administratrix for a *per diem* for his attendance at board meetings, in the absence of of a direction therefor in the mandate of the Supreme Court.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

*Strait & Strait,* for appellant.

*J. Allen Eades,* for appellee.

SMITH, J. This is the second appeal of this case, the opinion on the former appeal being found in 146 Ark. at page 61. The question raised on the former appeal was whether Cruce, who was a member of the board of commissioners of a road improvement district, was entitled to receive compensation for services rendered in superintending the construction of the road. The case arose on the suit of a taxpayer to recover back from the commissioner, for the benefit of the district, salary paid the commissioner for such services. The court below denied the plaintiff the relief prayed, on the ground that the contract was an advantageous one for the improvement district; but we reversed that decree for the reason that the contract between the commissioner and the district was illegal, and, being illegal, it was unimportant to determine whether it was advantageous or not.

The opinion on the former appeal concludes as follows: "It follows, from what we have said, that the court should have granted the relief prayed, and the decree will therefore be reversed and the cause remanded, with directions to ascertain the sum paid appellee (not including the per diem allowed him as a commissioner), and to render judgment against appellee

for its recovery, and to enter an order restraining the commissioners from further employing appellee in any capacity, so long as he continues in office as a commissioner of the district.''

After the remand of the cause Cruce died, and the cause was revived in the name of the widow as special administratrix. She filed a counterclaim against the district covering an amount claimed to be due Cruce by the district for per diem in attending board meetings as a commissioner of the road district, and depositions were taken on that issue.

The court below refused to consider this new testimony, and entered a decree containing the following recitals: "C. E. Cruce received the sum of $2,100 paid to him as and by way of salary for services rendered upon said roads, which, under the decision of the Supreme Court in this cause, was held to be illegal and improperly paid to him, and defendant offered in testimony proof that the said C. E. Cruce was a member of the board of commissioners, and as such attended meetings of said board of commissioners, and asked for credits for the number of said board meetings held at the rate of $5 per day as an offset and credit upon the amount so received, which said testimony and consideration of said counterclaim and credits was by the court excluded at a hearing thereof, for the reason that the court held that, under the decision of the Supreme Court in said cause on appeal therein, he was not authorized to consider or determine said credits."

We think the court below correctly interpreted and followed the direction of this court on the remand of the cause. The direction was to ascertain the sum paid Cruce for the illegal services, and to render judgment therefor. There was no question in the case at that time of a counterclaim, and permission was neither asked nor given to bring that issue into the case. The language quoted in the parenthesis, "not including the per diem allowed him as commissioner," was inserted to show that we were making no ruling on that subject, as

it was not before us. The issue of compensation as commissioner was brought into the case only by amending the pleadings after the remand of the cause and taking further testimony, and, as has been said, no authority for that action was given.

The case of *Felker* v. *McKee,* 154 Ark. 104, is decisive of the question presented here. In that case we held that, where a chancery case was tried on its merits and was reversed on the appeal, and remanded for further proceedings according to law and not inconsistent with the opinion, it was not within the discretion of the lower court to permit the parties to further develop the case, unless the mandate contained specific directions authorizing that to be done. *Deason & Keith* v. *Rock,* 149 Ark. 401.

The court below therefore properly refused to consider an issue not raised on the original appeal, and, as the decree accords with the direction of this court, it is affirmed.