REDFERN *v.* DALTON.

4-6085. 144 S. W. 2d 713

Opinion delivered November 11, 1940.

 

*E. Newton Ellis,* for appellant.

*A. J. Cole,* for appellee.

SMITH, J. Appellant owned an 80-acre tract of land in Randolph county, upon which he failed to pay the general taxes for the year 1934, and the land forfeited to the state. Pursuant to the provisions of act 119 of the Acts of 1935, the state, in July, 1939, procured a decree confirming this sale. Thereafter, appellee donated the land from the state.

Appellant filed this suit to vacate and set aside this decree of confirmation, and as grounds therefor alleged that the tax sale was void for the following reasons: (1) that the tax books did not have the warrant of the clerk for the collection of the taxes; (2) that the delinquent list was not filed with the clerk, as the law directs; (3) that the notice of sale was not published according to law; (4) "that the record of delinquent lands required to be kept in the office of the county clerk, and the notice of sale and certificate to be attached thereto, were not made and attached as by law required."

These objections to the tax sale require but little discussion. It is obvious that if the decree of confirmation does not cure those objections, it accomplished no purpose, and its procurement by the state was a fruitless proceeding.

A fifth objection to the tax sale requires more consideration. It is stated in appellant's brief "that on February 25, 1935, the plaintiff had paid into the hands of the county clerk of Randolph county, Arkansas, a sum of money, sufficient and for the purpose of redeeming his said lands from their sale as delinquent for the taxes of 1933; and to pay plaintiff's current, then due, taxes for 1934, as he was by law so required to do; that said county clerk issued to plaintiff redemption certificate,

redeeming his said lands from 1933 forfeiture, but omitted to pay plaintiff's current taxes for 1934 as requested, and as clerks had formerly done, and were by law required to do; and returned to plaintiff his money which he had sent him to pay his 1934 taxes."

The insistence is that inasmuch as appellant made a *bona fide* attempt to pay his taxes, they should be treated as having been paid, and that his land was, therefore, sold for taxes not due thereon.

We do not agree with this view. It was held in the case of *Mixon* v. *Bell*, 190 Ark. 903, 82 S. W. 2d 33, (to quote the second headnote), that "Where an owner of land tendered the taxes due thereon to the collector and he refused to accept them, he was not authorized to return the lands delinquent, and the sale thereof for nonpayment of taxes was void, and not cured by a decree of confirmation." But the decree of confirmation there held invalid was procured under the authority of act 296 of the Acts of the General Assembly of 1929.

It may be first said that in the Mixon case, *supra,* there was a tender to the collector, which he declined to accept. Here, there was no tender to the collector. The confirmation in the instant case was had pursuant to the provisions and under the authority of act 119 of the Acts of 1935.

The opinion in the case of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251, pointed out the distinction between the two confirmation acts, and the difference in effect between decrees rendered under the earlier acts as compared with decrees rendered under the later one.

In the more recent case of *Commercial National Bank* v. *Cole Bldg. Co., et al.,* 200 Ark. 212, 138 S. W. 2d 794, it was said: "We had occasion, in the case of *Fuller* v. *Wilkinson,* 198 Ark. 102, 128 S. W. 2d 251, to point out the respects in which the latter act differed from the former. It was there said that, while act 296 cured only informalities and illegalities in the forfeiture proceedings, the effect of confirmation decrees rendered pursuant to the provisions of act 119 is to cure all tax

sales where there is not lacking the power to sell, and that the power to sell existed when a valid tax had been imposed, and had not been paid. The opinion in the Lambert case, 194 Ark. 1109, 110 S. W. 2d 503, 112 S. W. 2d 33, recited that the tax sale which had been confirmed had been made for taxes which had not been extended or imposed on the land."

But it is not essential that we now decide whether a decree of confirmation under the provisions of act 119 of 1935 may be vacated upon a showing that the taxes for the nonpayment of which the lands were sold had, in fact, been paid. It suffices here to say that the taxes were not paid, nor were they tendered to the official authorized to receive them, as was the case in *Mixon* v. *Bell, supra.*

The case of *Forehand* v. *Higbee,* 133 Ark. 191, 202 S. W. 29, involved the validity of a redemption certificate. The owner of the land, which had sold for the nonpayment of the taxes due thereon, applied to the county clerk for a redemption certificate, which the clerk prepared, but from which he omitted to include the penalty for which the land was sold. The owner presented his certificate to the county treasurer, and paid that official the sum of money shown by the certificate to be necessary to effect a redemption. It was insisted that the certificate was ineffective to accomplish the redemption, for the reason that it did not cover the entire amount for which the land had been sold. It was held that, when the taxpayer makes an attempt, in good faith, to pay his taxes, and is prevented by the mistake, or negligence, or other fault of the collector, the sale of his land for the nonpayment of taxes thereon is void. The theory of that case, as was said in that opinion, was that the landowner had the right to assume that the clerk had included in the redemption certificate the sum total for which the land had been sold.

That case was distinguished in the opinion in the later case of *Gilley* v. *Southern Corporation,* 194 Ark. 1134, 110 S. W. 2d 509, in which case the redemption

certificate did not describe all the land sought to be redeemed. The landowner insisted that he had furnished the clerk "a slip of paper," which furnished a clew which, if pursued, would have described all the land sought to be redeemed. There was no error in the redemption certificate furnished the landowner; it correctly computed the amount of money necessary to redeem the land which it did describe, but it did not include all the land which the owner desired to redeem. We there said that any inspection of the redemption certificate would have disclosed this fact, and that the clerk's failure to include other land in the certificate which the owner also desired to redeem did not invalidate the sale of the other land.

Here, it is alleged that the owner left with the clerk a sum of money sufficient to effect a redemption of the land from the sale for the taxes of 1933, and sufficient also to pay the current taxes of 1934, and that the owner directed the clerk to use the excess in paying his 1934 taxes. But, instead of doing so, the clerk returned to the owner the excess with which the 1934 taxes might have been paid. Section 13868, Pope's Digest, provides how lands may be redeemed which were sold to the state. It requires the clerk to include in the redemption certificate the total amount of taxes, etc., for which the land was sold, "and the taxes which would be accrued thereon if such land or lot had been continued on the tax-books and the taxes extended," this sum, as shown by the redemption certificate which the clerk had prepared, to be paid to the county treasurer. But the redemption certificate prepared by the clerk in the instant case did not show the amount of these taxes, and they were not paid either to the treasurer or to the collector, and were due and unpaid when the land was sold for the 1934 taxes.

If it be said that the clerk should have included the 1934 taxes in the 1933 redemption certificate, it may be answered that he did not do so, and any inspection of the certificate would have disclosed the fact that it did not purport to cover the 1934 taxes.

Here, as in the Gilley case, *supra*, any inspection of the redemption certificate would have disclosed that the 1934 taxes were not included. They were not then delinquent, and when the money intended for the payment of the 1934 taxes was returned, the owner must necessarily have known that they had not been paid. Taxes cannot be discharged in this manner, and the court below properly held that they had not been paid.

What we have just said is not contrary to what was decided in the case of *Schuman* v. *Sanders*, 200 Ark. 540, 140 S. W. 2d 121. The facts there were that the landowner redeemed from the county clerk, instead of the State Land Commissioner, after the sale to the state had been certified to the Land Commissioner, it being held that it was immaterial where the redemption was made, provided the state and all taxing agencies had received their just proportions of the redemption money, and that the court was without power to confirm the sale to the state where the land had been redeemed prior to that time. In that case there had been a redemption, although improperly made, whereas in the instant case there had been no redemption or payment of the taxes for the nonpayment of which the land had been sold and had been certified to the state.

It may be added that, under the provisions of § 9 of act 119 of 1935, appellant, as owner of the land, had the right, at any time within one year after the rendition of the confirmation decree, to make the showing which he now alleges to be true, that he had no knowledge of the pendency of the confirmation proceedings, and that he had a meritorious defense against the rendition of the confirmation decree. In that event he would have had the right to redeem from the tax sale and defeat the confirmation thereof.

We have defined a meritorious defense, within the meaning of this statute as a showing that the sale was invalid for any reason. *Hirsch and Schuman* v. *Dabbs and Mivelaz*, 197 Ark. 756, 126 S. W. 2d 116. This, appellant did not do.

The four objections to the sale herein, copied above, do not relate to the power to sell, and were not made within one year after the rendition of the confirmation decree. Appellant has, therefore, shown no cause for vacating it, and the decree from which is this appeal so holding is affirmed.