BELCHER *v*. WHEAT.

4-8854                                    220 S. W. 2d 811

Opinion delivered May 30, 1949.

*J. W. House, Jr., John W. Moncrief* and *Virgil R. Moncrief*, for appellant.

*June P. Wooten* and *W. W. McCrary, Jr.*, for appellee.

FRANK G. SMITH, J. This appeal involves the title to a tract of land, the value of which appears to be derived from its adaptability for duck shooting. Taxes thereon, both general and improvement district taxes, appear to have been paid at irregular intervals, with consequent sales for delinquency from which redemptions were in some instances effected.

Appellee filed suit to quiet his claim of title to the land. The title sought to be quieted, was based on a sale made Nov. 15, 1923, which was duly confirmed under a decree ordering the sale in the suit of the Bayou Meto Drainage District foreclosing its liens for the delinquent taxes due the District for the year 1922, and the deed to appellee from the Drainage District dated January 16, 1948.

Appellant claimed title under a deed to him from the State Land Commissioner, dated Nov. 18, 1946, based upon a forfeiture to the State for the unpaid taxes of 1933. He alleged also that he had applied to the Drainage District to purchase the land, and was told that he might do so when he had acquired the State's title, but after acquiring that title he was advised, when he applied to the Drainage District for the deed, that the land had been sold by the District to appellee. Appellant insists also that his deed from the State, dated Nov. 18, 1946, was color of title under which he made certain improvements, and he prayed judgment for the enhanced value of the land resulting therefrom.

The Drainage District is not a party to this suit, and it was not shown that appellant had any contract with

it of which appellee was apprised, which estopped the District from conveying to appellee. Indeed it was not shown that appellant had an enforceable contract to buy the land. He testified that the attorney for the board of directors of the Drainage District told him that the District would convey the land to him when he had acquired a deed from the State. It was not shown that the board of directors were aware of this promise or had made any contract with appellant, who might have purchased from the District upon a tender of the price asked for the land and thereby acquired the right to redeem from the State, but no tender of any kind was made the District. No contract was made under which appellant acquired the right to purchase from the Drainage District.

The court quieted appellee's title against appellant's claim of title and disallowed appellant's claim for improvements alleged to have been made. Upon that issue the case is similar to and is controlled by the opinion in the case of Baiers v. Cammack, 207 Ark. 827, 182 S. W. 2d, 938.

In the Cammack case, supra, the State became the purchaser of land sold for taxes due thereon and executed a deed to Baiers which was held void for the reason that at the time of the tax sale the title was in the Improvement District claiming title in its governmental capacity. Baiers claimed the right to recover the value of certain improvements from Cammack who had acquired the Improvement District's title. The claim for improvements was denied upon the ground that they were made while the title was in the Improvement District and before Cammack acquired the Improvement District's title. So here, as in the Cammack case, it was not shown that the improvements were made subsequent to the sale of the land by the Improvement District, but were made prior to that time. Upon the authority of the Cammack case, claim for improvements was properly disallowed.

The decree quieting title and disallowing claim for improvements is therefore affirmed.