Schuman v. Person.

4-9105                                                227 S. W. 2d 160

Opinion delivered February 27, 1950.

*Wm. J. Kirby,* for appellant.

*Lee Miles,* for appellee.

Minor W. Millwee, Justice. Appellee, Rosetta Person, a colored woman, purchased Lots 15 and 16, Block 3, Harrington's Industrial Addition to the City of Little

---

Rock, Arkansas, as a home in December, 1915. A part of her house is located on each of said lots. Appellee paid and was properly credited with payment of the general taxes on both lots from 1916 to 1949 except the 1945 taxes on Lot 16 in the amount of $1.47.

Appellant, Manie Schuman, purchased Lot 16 at the collector's sale on November 14, 1946, for non-payment of the 1945 taxes and obtained a clerk's deed to the lot on December 22, 1948.

Appellee instituted this suit against appellant on March 19, 1949, to set aside the 1946 tax sale of Lot 16 and to cancel the clerk's deed to appellant alleging that she, in good faith, attempted to pay the 1945 taxes on both lots but, through mistake or oversight of the collector, the taxes on Lot 16 were not paid and that she did not discover the mistake until February 23, 1949.

Appellant answered with a general denial and alleged his ownership of the lot under his tax purchase and deed from the clerk.

The chancellor found the issues in favor of appellee and entered a decree holding the 1946 tax sale of Lot 16 void and cancelling the clerk's deed to appellant. Appellee's tender and payment into the registry of the court of the taxes, penalty, interest and costs in the amount of $1.82 was directed to be paid to appellant upon his request.

Appellee was the only witness at the trial. Her testimony is to the following effect: In 1946 she received separate statements from the collector for the 1945 taxes on Lots 15 and 16 which she took to the collector's office and presented at the window with more than enough money to pay the amounts of $8.33 for Lot 15 and $1.47 for Lot 16. The deputy collector took her money and handed back her change with the two tax bills and she went away thinking she had paid the taxes on both lots. She had pursued the same practice over the years prior to 1946 and paid the taxes on both lots in the same manner after that year without error. She did not discover that the deputy collector had failed to take out the taxes

on Lot 16 in 1946, or that the lot had sold for the 1945 taxes until she was so informed by the collector when she went to pay her 1948 taxes in February, 1949. She frankly stated that in paying taxes she was always "kinda careless" in checking the amount of change or making inspection of tax bills to ascertain if they were marked paid, the clear inference from her whole testimony being that she is not well versed in business transactions and relied implicitly on the collector in such matters.

Justice HART, speaking for the court in *Robertson* v. *Johnson,* 124 Ark. 405, 187 S. W. 439, said: "It is the settled rule in this State that an attempt to pay taxes made in good faith by the landowner or his agent, and frustrated by the mistake, negligence or other fault on the part of the collector renders the subsequent sale of the land for the non-payment of taxes void. *Hickman* v. *Kempner,* 35 Ark. 505; *Gunn* v. *Thompson,* 70 Ark. 500, 69 S. W. 261; *Scroggin* v. *Ridling,* 92 Ark. 630, 121 S. W. 1053; *Knauff* v. *National Cooperage & Woodenware Co.,* 99 Ark. 137, 137 S. W. 823." The same principle has been applied in *Kinsworthy* v. *Austin,* 23 Ark. 375; *Fleischer* v. *Wappanocca Outing Club,* 118 Ark. 287, 176 S. W. 312; *Forehand* v. *Higbee,* 133 Ark. 191, 202 S. W. 29; and *Mixon* v. *Bell,* 190 Ark. 903, 82 S. W. 2d 33.

In *Gunn* v. *Thompson, supra,* the defendant taxpayer correctly described his land to the collector, but handed the latter his deed which by mistake described a tract belonging to another. Without saying anything to the taxpayer, the collector made out a tax receipt crediting the taxes on the tract described in the deed and the mistake was not discovered by the illiterate taxpayer until after the land was sold to another for the taxes and the period of redemption had expired. This court upheld a decree holding the tax sale void.

In *Scroggin* v. *Ridling, supra,* the court held: "Where the owner of land in good faith attempted to pay the taxes on all of his land, but by the collector's mistake the taxes on a part of it were not paid, the owner will be entitled to redeem the land." In that case Ridling

correctly described to the collector the 180-acre tract upon which he wished to pay taxes. In making the receipt the collector by mistake left out a 40-acre tract. Ridling, supposing the receipt was correct, paid the taxes for several years not knowing that the 40-acre tract had been sold for taxes. It was held that Ridling made a *bona fide* attempt to pay all the taxes which was frustrated by the collector's mistake and a tax deed to Scroggin was cancelled.

Appellant insists that appellee, by her carelessness in failing to count her change and inspect the statement, should be charged with notice of the collector's mistake. The cases of *Gilley* v. *Southern Corporation*, 194 Ark. 1134, 110 S. W. 2d 509, and *Redfern* v. *Dalton*, 201 Ark. 359, 144 S. W. 2d 713, are cited in support of this contention. In the Gilley case an agent of the corporation, in attempting to redeem all of its delinquent lands, testified that he handed the clerk sufficient money to do so and also gave him a slip of paper furnishing a clue which, if pursued, would have described all the lands so to be redeemed, and that the clerk failed to pursue the directions on the slip of paper fully and omitted a 60-acre tract from the redemption certificate. This testimony was contradicted by that of the clerk and this court held that the preponderance of the evidence showed that the mistake or fault was that of the agent of the landowner rather than that of the clerk. In the case at bar it is not denied that appellee furnished the collector a proper description of her land in full.

In *Redfern* v. *Dalton, supra,* the owner paid to the county clerk an amount sufficient to redeem his land from a delinquent sale for 1933 taxes and enough more to pay 1934 taxes with the request that both be paid, but the clerk only redeemed for the 1933 delinquency and returned the balance to the owner so that the 1934 taxes were not paid. In holding a sale for the 1934 taxes valid after confirmation, this court emphasized the fact that there was no tender of money to the collector, who was the proper person to receive the 1934 taxes, and said: "It suffices here to say that the taxes were not paid, nor

were they tendered to the official authorized to receive them, as was the case in *Mixon* v. *Bell, supra.*" In the case at bar the tender was made to the collector who was the official authorized to receive the 1945 taxes. Both the Gilley and Redfern cases involved attacks upon tax sales after confirmation while there has been no confirmation of the sale in the case at bar.

In *Schmeltzer* v. *Scheid,* 203 Ark. 274, 157 S. W. 2d 193, we also held that "one may not discharge his obligation to pay his taxes by showing that he thought he had paid them unless his misapprehension was induced by some officer charged with the duty of collecting the taxes."

We think the facts in the instant case bring it within the rule stated in *Robertson* v. *Johnson, supra,* and that the chancellor's finding, that appellee made a *bona fide* attempt to pay the 1945 taxes on Lot 16 which was frustrated by the oversight or mistake of the collector, is not against the preponderance of the evidence. Certainly the circumstances support the conclusion that appellee honestly thought she had paid the taxes on both lots. Whether this misapprehension was induced by the fault or oversight of the collector depends upon the correctness of appellee's testimony. If her testimony is to be credited, the fact that the collector failed to take out and credit her with payment of the smaller tax of $1.47 instead of the larger amount made it less likely for the error to be detected, especially by one who relied upon the superior knowledge and ability of the officer in the transaction. The equities are all with the appellee and the decree is affirmed.