SCHUMAN v. LUNNIE, ADMINISTRATRIX.

4-9629                                      243 S. W. 2d 937

Opinion delivered December 10, 1951.

*U. A. Gentry,* for appellant.

*Frances D. Holtzendorff, Max Howell* and *Ed E. Ashbaugh,* for appellee.

ROBINSON, J.  The State of Arkansas, by the Attorney General, filed suit in the Pulaski Chancery Court to confirm title to lands which had forfeited due to nonpayment of taxes. Included in the lands involved in the suit to confirm title is lot 5, block 8, Watson's Addition to the City of Little Rock. Dudley Thomas and his wife Mary, owners of lot 5 at the time of the forfeiture, intervened alleging that the forfeiture and sale to the State were void, and that the deed to the State constituted a cloud on their title. Thomas had bought the property from one Jeter in 1938, and Jeter paid the taxes thereon up to 1942 inclusive.

Subsequent to the filing of the intervention, Mary Thomas died, and subsequent to the trial in Chancery Court, Dudley Thomas died. The appeal was revived in the name of appellee herein, Johnietta E. Lunnie, as sole

heir of Dudley Thomas and administratrix of his estate. The appellant, Florence Schuman, who had purchased the property from the State on the 2nd day of January, 1947, filed an answer to the intervention in which she seeks to sustain the tax sale. The Chancellor held:

"The court finds that the interveners, Dudley Thomas and Mary Thomas, his wife, purchased lot 5, block 8, Watson's Addition to the City of Little Rock, Arkansas, in 1938; that they paid the taxes for the years 1938, -39, -40, -41, and -42; that the intervener, Dudley Thomas, made a tender of the money at the collector's office for the year 1944 for the taxes of 1943 and was advised by the collector that no taxes were due; that the said Dudley Thomas appeared in 1945 to pay the taxes of 1944 and 1946 to pay the taxes of 1945, at which times he was advised by the county collector that no taxes were due; that the said Dudley Thomas paid the taxes for 1947, -48, -49; that he did not know said property was sold for non-payment of taxes; that the intervener has made a tender of all taxes, penalty and cost due in his pleadings; that the sale of said land for delinquent taxes was void because of the tender of taxes made by intervener, and the conveyance of said property by the State to Florence Schuman, the respondent, is void."

If Thomas attempted to pay the taxes on the property and failed to do so by reason of the negligence, oversight or mistake of the collector, then the sale for non-payment of the taxes is void.

In the case of *Schuman* v. *Person*, 216 Ark. 732, 227 S. W. 2d 160, this court quoted Mr. Justice HART, speaking for the court in *Robinson* v. *Johnson*, 124 Ark. 405, 187 S. W. 439, where it is said: "It is the settled rule in this State that an attempt to pay taxes made in good faith by the landowner or his agent, and frustrated by the mistake, negligence or other fault on the part of the collector renders the subsequent sale of the land for the non-payment of taxes void." A long list of cases to the same effect is cited therein.

The Chancellor based his finding to the effect that a *bona fide* attempt was made to pay the taxes on the testi-

mony of Dudley Thomas, who was an illiterate, aged Negro with very poor eyesight, and the testimony of Jeff Nash, who testified that he was present when Thomas attempted to pay the taxes for the year the property was forfeited. On the one hand we have the direct evidence of Thomas and the witness Nash to the effect that Thomas attempted to pay the taxes, and on the other hand we have the circumstantial evidence to the effect it is improbable that the deputy collector would make the mistake of not accepting payment, and the improbability that Thomas would continue to attempt to pay the taxes for the years 1944, -45, and -46. He did pay the taxes for 1947, -48, -49.

But, when dealing with circumstances and probabilities, we should likewise take into consideration the improbability of a person buying a home, finally paying it out, then going to the collector's office and offering to pay taxes on personal property but making no effort to pay taxes on his home, thereby allowing it to forfeit to the State, when the taxes thereon amount to only $8.30.

The evidence is conflicting. The direct evidence is to the effect that the attempt to pay the taxes was made, the circumstantial evidence being to the contrary. We cannot say that the Chancellor's finding was contrary to the preponderance of the evidence.

Affirmed.

GEORGE ROSE SMITH, J., dissents.