BROWN, *et al. v.* BRIDGES.

5-191                                    262 S. W. 2d 145

Opinion delivered November 23, 1953.

*Walter Killough* and *Claude F. Cooper,* for appellant.

*Giles Dearing,* for appellee.

MINOR W. MILLWEE, Justice. This is a suit by appellee C. G. Bridges, to quiet his title to three lots in the City of Wynne, Arkansas. He asserted title under a warranty deed from Mr. and Mrs. G. J. Durham executed October 29, 1941, together with possession and the payment of taxes for more than seven years. Although the appellant, Ella Brown, was not made a party defendant, she filed an answer and cross-complaint in which she asserted title to the lots under a deed from the State of Arkansas. The chancellor found that appellee had acquired title by seven years adverse possession and entered a decree quieting his title to the lots.

It is undisputed that appellee has resided on the lots in question since January, 1942, following his purchase from the Durhams in 1941. He paid no taxes on the lots until 1946 when he paid taxes for the year 1945. He also paid taxes for the years 1946 to 1951, inclusive, and has

made certain improvements. In January, 1950, he procured a quitclaim deed from Paving Improvement District No. 3, to which the lots had forfeited for delinquent assessments.

Appellant's claim to the lots is predicated on a tax deed from the State of Arkansas dated December 19, 1945. In 1942, the lots sold to the State for the 1941 taxes and were certified to the State by the county clerk December 15, 1944. A decree was entered in the Cross Chancery Court on May 28, 1945, confirming the State's title to the lots. Although there is some evidence that appellant also paid taxes for 1945, she could not recall having paid any taxes on the lots and did not introduce any tax receipts.

Appellant contends that the chancellor erred in holding that appellee acquired title to the lots by adverse possession. This contention must be sustained unless title to the lots was already in either the State or an improvement district at the time of the sale to the State in 1942. *Bridwell* v. *Rackley,* 206 Ark. 381, 175 S. W. 2d 389; *Belcher* v. *Wheat,* 215 Ark. 377, 220 S. W. 2d 811. If appellant's deed from the State is valid, appellee had not held possession for the full seven years when he instituted this suit. There is some evidence that title to the lots was already in the State at the time of the 1942 sale. Records were also exhibited to the court at the trial from which appellee says the court found that title to the lots was in an improvement district at the time of the 1942 sale, and that the State was, therefore, without power to make the sale. None of the records bearing on these issues were introduced nor did the chancellor require appellee to refund to appellant the amount paid for her State deed.

Since the proof was not fully developed on the question of whether the lots were subject to taxation for the year 1941, we have concluded that justice would be best served by a further hearing on that issue. The decree is accordingly reversed and the cause remanded for that purpose.