BROWN *v.* BRIDGES.

5-1302                                304 S. W. 2d 939

Opinion delivered June 17, 1957.

[Rehearing denied Sept. 30, 1957]

*Claude F. Cooper* and *Frank C. Douglas,* for appellant.

*Giles Dearing,* for appellee.

CARLETON HARRIS, Chief Justice. This case is here on a second appeal[1] from a judgment of the Cross Chancery Court, which, in each instance, entered its decree quieting and confirming title in appellee to three lots in the city of Wynne, Arkansas. Appellee has maintained his home upon the property in question since January, 1942. Appellant, Ella Brown, is claiming title under a

---

[1] See 222 Ark. 669, 262 S. W. 2d 145.

deed from the State dated December 19, 1945, and based upon a sale for the 1941 taxes. In the first trial, the Chancellor found that appellee had acquired title by seven years adverse possession. Appellant contended in her earlier appeal that the Chancellor erred in so holding, and the case on appeal was remanded for further proof. Quoting from the Opinion, " * * * Since the proof was not fully developed on the question of whether the lots were subject to taxation for the year 1941, we have concluded that justice would be best served by a further hearing on that issue." On trial after remand, the court held that the sale of the lots to the State for the non-payment of taxes for the year 1941 was invalid, that the deed from the State to Ella Brown should be cancelled and set aside, and that appellee's title should be quieted as against any right, title, or interest of appellant. From such decree comes this appeal.

It is admitted that the lots involved were subject to 1941 general taxes, and that these taxes were not paid by appellee; that the lots forfeited and were sold to the State, title confirmed, and that appellant received a deed from the State. It is therefore true, and the Chancellor so held, that when the lots sold in 1942 for the 1941 taxes, there was no conflicting title, in either the State under prior sales, or in any improvement district. Appellant contends that this was the only question which remained open for proof, under the mandate and Opinion in *Brown* v. *Bridges,* 222 Ark. 669, 262 S. W. 2d 145, and that she must accordingly prevail. She therefore contends that the trial court erred in permitting the complaint to be amended and in taking testimony relative to the allegations contained in the amendment.[2] We do not agree. Perhaps the mandate and Opinion in *Brown* v. *Bridges, supra,* were not entirely clear, but it was certainly the intent of this Court that additional evidence be heard on the question of the validity or invalidity of appellant's tax deed. In the paragraph preceding the order re-

[2] The amendment alleged that appellee had tried to pay the 1941 taxes, but that the collector refused to take his money; that appellant's deed was void. Alternative relief for recovery of costs of improvements was also prayed, but no proof was offered on this point.

manding the cause, in the Opinion, is this language, " * * * *If appellant's deed from the state is valid,[3] appellee had not held possession for the full seven years when he instituted this suit. * * * " Accordingly, the actual meaning of the language herein quoted in paragraph one was "Since the proof was not fully developed on the question of whether the lots were subject to taxation *or sale*[4] for the year 1941 * * *." We therefore hold that the trial court proceeded properly in admitting evidence relating to the validity of the sale.

Appellee testified that he attempted to pay the taxes on the property in February, 1942 (1941 taxes) but that the sheriff would not accept the money.[5] He further testified that he endeavored to pay the taxes for the years 1942, '43, and '44, but that the sheriff still refused to accept the payments.[6] This evidence is not disputed by appellant, other than it is contended that he (appellee) testified differently during the first trial of the cause. Parts of his testimony do appear to be, to some extent, contradictory; however, the very first question that appellee was asked on cross-examination during the first trial, and answer given, was as follows: "Q. Mr. Bridges, you told Mr. Dearing you had paid the taxes since you went in that property in 1941? A. No, I paid them when I got the place paid for, and they should have been paid up, but I found a flaw——." Here, the witness was interrupted, and the "flaw" was never explained. Appellee contends that this answer had reference to the sheriff's reason for not accepting his money in payment of the taxes in 1942.

The Chancellor saw, and heard appellee testify, had ample opportunity to observe his appearance on the witness stand, and was in a position to best determine whether the witness was telling the truth. This was a

---

[3] Emphasis supplied.

[4] Italicized words supplied.

[5] Witness testified as to the reason given by the sheriff for not accepting the money, but this was hearsay evidence and inadmissible.

[6] The lots had been sold to the State in November, 1942. Appellee also offered to pay the 1945 taxes, but same had already been paid by appellant; he has regularly paid the taxes each year thereafter, (1946-47-48-49-50 and '51).

finding of fact, and we have held that we will not reverse a Chancellor's decree unless his findings are against the weight of the evidence. *Lupton* v. *Lupton*, 210 Ark. 140, 194 S. W. 2d 686 (1946). In addition, the court gave some consideration to the testimony of the county clerk, who had testified in the first trial. From the Opinion of the trial court: " * * * There are even some circumstances in the tax records of Cross County which would tend to give support to the positive testimony of the plaintiff. The court refers here to the testimony of the County Clerk wherein he says that the lands were first set up on the tax books for the year 1941 in the name of the State and that was stricken out and the name of Mrs. G. J. Durham (plaintiff's grantor) written in. * * * * " As heretofore mentioned, no evidence was offered on behalf of appellant to contradict the testimony that appellee, in good faith, had endeavored to pay the 1941 taxes.

We have repeatedly held that where an owner attempts to pay his taxes, and the oversight or mistake of the collector prevents him from doing so, the sale of the land, because of failure to pay such taxes, is void. *Schuman* v. *Lunnie, Administratrix*, 219 Ark. 645, 243 S. W. 2d 937; *Schuman* v. *Person*, 216 Ark. 732, 227 S. W. 2d 160. We accordingly conclude that the sale was void. Appellant contends that if the State deed did not convey good title to her, then she has title under a quitclaim deed from Sewer District No. 1 of Wynne, dated November 9, 1954. This contention was not raised by the pleadings, nor considered by the trial court. Appellant has relied entirely upon her deed from the State in both the first and second trials.

Appellant is entitled to have refunded the $10.93 which she paid for her deed from the State, together with interest at the rate of 6 per cent per annum. *Buschow Lumber Co.* v. *Witt*, 212 Ark. 995, 209 S. W. 2d 464. In addition, the proof shows that she paid $12.95 for taxes for the year 1945, which she paid under a claim of ownership, and which should be refunded to her, together with interest at the rate of 6 per cent. She is also entitled to have refunded the amount paid for the Sewer District

deed, together with interest at the rate of 6 per cent. The amount so paid is not shown in the record. The judgment of the Chancery Court is accordingly modified to the extent that appellee is directed to pay to appellant the sum of $23.88, together with interest, as herein set out, and the cause is remanded with directions to ascertain the amount paid by appellant for the Sewer District deed, and to grant judgment to appellant for same, together with interest at the rate of 6 per cent. Costs, in both the trial court, and here on appeal, shall be borne equally.

GEORGE ROSE SMITH, J., dissents.

GEORGE ROSE SMITH, J., dissenting. I think that the chancellor erred in permitting the plaintiff, after the case was remanded, to bring in a new cause of action by amendment to the complaint. No doubt that procedure would have been permissible had the case been tried in the circuit court; for it is well settled that when an action at law is remanded for a new trial the cause stands as if there had never been a trial, and the pleadings are therefore open to amendment. *Stewart-McGehee Const. Co.* v. *Brewster,* 176 Ark. 430, 3 S. W. 2d 42; *Sanders* v. *Walden,* 214 Ark. 523, 217 S. W. 2d 357, 9 A. L. R. 2d 1040.

In equity, however, the rule is and should be quite different. Chancery appeals, unlike those at law, are tried *de novo* by this court, and ordinarily we render final judgment on the record without having to remand the case. Occasionally it is necessary, as it was in this instance, to send the cause back for additional proof on a particular issue; but we have repeatedly held that the chancellor is then limited to that issue and cannot permit the injection of new issues that should have been presented at the original trial. The rule was clearly stated in *Felker* v. *McKee,* 154 Ark. 104, 241 S. W. 378:

"The only question presented for determination on this appeal is whether the court erred in overruling appellant's motion to permit him to offer further proof upon two of the issues presented by the pleadings in

the cause. His case was submitted upon the merits in the original trial. Ample opportunity was given him to fully develop his case upon all issues presented by the pleadings. To construe a reversal and remand of a cause for further proceedings, which had been submitted originally upon the merits, to mean that appellant might further develop his cause would enable him to proceed in his case by piecemeal and try it over every time he secured a reversal *ad infinitum.*"

Similarly, it was held in *Cruce* v. *Hill,* 156 Ark. 224, 245 S. W. 485, a chancery case, that a new issue could not be raised by an amendment to the pleadings after remand. "The issue of compensation as commissioner was brought into the case only by amending the pleadings after the remand of the cause and taking further testimony, and, as has been said, no authority for that action was given."

In the case at bar there was no suggestion on the first appeal that the tax sale was void because the plaintiff had attempted to pay his taxes and had been prevented by the collector from doing so. That is a wholly new issue that was not originally raised either in the pleadings or in the proof. Our statement in the first opinion was this: "Since the proof was not fully developed on the question of whether the lots were subject to taxation for the year 1941, we have concluded that justice would be best served by a further hearing on that issue. The decree is accordingly reversed and the cause remanded for that purpose." In view of our earlier holdings I think it plain that this direction did not permit the appellant to bring into the case a new issue that should have been pleaded and proved when the case was first tried on its merits.