### Dennis E. and Carol B. Lutz v. City of Barre and Elmer Mugford

[360 A.2d 72]

No. 285-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed June 1, 1976

*J. Paul Giuliani* of *McKee, Clewley & FitzPatrick*, Montpelier, for Plaintiffs.

*John F. Nicholls*, Barre, for Defendants.

**Barney, C.J.** The plaintiffs are contesting dismissal of their action. The litigation was brought against the City of Barre and its tax collector. The plaintiffs purchased a dwelling house in Barre in 1972. It is alleged that during the examination of the title the then tax collector was asked as to the existence of any delinquent tax liens. He is said to have responded in the negative, and the examiner so certified to the purchasers. After the purchase, in 1973, the plaintiffs were notified that liens were claimed against the property for the years 1969 and

1970. The plaintiffs then brought this action to enjoin collection of the taxes.

The defendants filed timely answers and moved to dismiss the action. The plaintiffs sought discovery and also moved for summary judgment. After hearing, the plaintiffs' motion for summary judgment was denied and the defendants' motion to dismiss was granted. This appeal followed.

The plaintiffs argue that there was expressed in their pleading a claim which, if proved, supported relief. They assert that the statement of the then tax collector that there were no tax liens pending against the property acts to estop the city from pressing its claim against them. The general rule they cite in support of their position, however, is of more limited application. It states that if a bona fide attempt to pay taxes is frustrated by some action on the part of the person authorized to receive them, the taxpayer cannot then be adjudged a delinquent with respect to the assessment of any interest or penalties, nor can the property be validly sold for taxes. Note that the duty to pay the taxes is not excused. See 72 Am.Jur.2d *State and Local Taxation* § 890; 51 Am.Jur. *Taxation* § 1069; *Schuman* v. *Lunnie,* 219 Ark. 645, 243 S.W.2d 937 (1951); *Pinkert* v. *Reagan,* 219 Ark. 822, 244 S.W.2d 961 (1952).

Furthermore, the situation at hand does not have to do with any tender of the taxes due. It relates only to a question put to the tax collector by a prospective purchaser, who then elected to forego checking the available record of delinquent taxes. We are referred to no law that suggests that such circumstances will, by themselves, discharge the lien for the unpaid taxes or forgive their nonpayment.

The plaintiffs' complaint points out that the original tax delinquency of over seven hundred dollars was reduced by the Board of Abatement of the City of Barre to three hundred and two dollars and three cents. It also shows that the tax collector who is claimed to have made a misrepresentation to them is not the collector presently holding the office.

At the hearing the tax collector in office at the time of the inquiry by plaintiffs' counsel testified. It was his uncontroverted testimony that the delinquent taxpayer's index was listed by the name of the taxpayer and not by the property involved. The inquiry put to him by counsel concerning the

property was a question involving the then owners, Nelson by name. Furthermore, examination brought out that the question was asked in March, 1972, which involved the 1971 grand list. Apparently the Nelsons bought from a party named La-Rock on April 16, 1971, which was after the 1971 list closed. Therefore, unless they owed previous taxes on other property, no delinquency would appear against their names in any event. Further questioning developed that the delinquency actually applied to a party named MacIntyre back in 1970, apparently a predecessor to both Nelson and LaRock.

Thus the evidence demonstrates that the response of the tax collector complained about was accurate. A further inquiry into the delinquency status of previous owners in the chain of title would have brought out the information sought. This is all that can be expected. We are directed to no law that imposes a duty on a municipality or a tax collector to cross reference his list of delinquencies according to the real estate involved, and we know of none. A moment's reflection will reveal the impracticality of such a requirement.

Since the tax collector did nothing to mislead, and since the necessary information was in fact on record and available to customary and reasonable research, the action of the trial court in dismissing the action, based on the evidence before it, was sound.

*Judgment affirmed.*