The Honorable Charlie Daniels Commissioner of State Lands State Capitol Building Little Rock, AR 72201
Dear Mr. Daniels:
This is in response to your request for an opinion concerning the collection of delinquent taxes by county collectors following the negotiated sale of tax delinquent properties by the Commissioner of State Lands ("Commissioner").
You note in your request that additional taxes may accrue on delinquent property in the interim following a public auction, where there are no bids for at least the assessed value, and a negotiated sale of the property. You state that your office does not collect these taxes. Apparently, certain county collectors have tried to collect these taxes as delinquent, following the negotiated sale and return of the property to the county records for subsequent taxation. You have questioned the appropriateness of this procedure, based upon your understanding that any taxes, with the exception of current year ad valorem taxes and improvement district taxes, are effectively cancelled at the point of sale by your office.
A review of the statutory scheme governing the sale or forfeiture of tax delinquent lands compels the conclusion that your office should, as a general matter, collect all taxes that are delinquent at the point of sale, whether the sale is conducted by bid or by negotiation.[1] Arkansas Code of 1987 Annotated 26-37-302 (Supp. 1987) governs the payment that is required in order to redeem or purchase tax-delinquent land. Subsection (a) states in pertinent part:
 (a) In order to redeem, whether with the county collector or the Commissioner of State Lands, and in order to purchase at the Commissioner's sale, the redeemer/purchaser of tax-delinquent land shall pay all delinquent taxes. . . . [Emphasis added.]
Thus, if additional taxes have accrued in the interim between the bid process and negotiation, your office should collect such taxes from the purchaser at the negotiated sale. There appears to be no provision for the forgiveness of these taxes under Arkansas law; and, indeed, it seems clear that all property in the state is subject to taxation except that which is specifically exempted by the Constitution. Const. Ark. Art 16, 5.
There is authority, however, for the proposition that a good faith effort to pay taxes, which is frustrated by misinformation or the negligence or fault of a collector, will effectively discharge tax liens and bar tax sales. See 21 A.L.R.2d 1273 (1982). Arkansas courts have ascribed to this "good faith" rule in cases involving the the redemption of tax-delinquent land. See, e.g., Schuman v. Person, 216 Ark. 732, 227 S.W.2d 160 (1950); Forehand v. Higbee,133 Ark. 191, 202 S.W. 29 (1918); Redfern v. Dalton, 201 Ark. 359,144 S.W.2d 713 (1940). The theory of these cases is that the landowner had the right to assume that the officer had included in the redemption certificate the sum total for which the land had been sold. Redfern, 201 Ark. at 362. The Arkansas Supreme Court has stated that a taxpayer cannot be deprived of his right to redemption by the neglect of duty on the part of state officers. Forehand, 133 Ark. at 196.
Schmeltzer v. Scheid, 203 Ark. 274, 157 S.W.2d 193 (1941).
Thus, where inspection of a redemption certificate would have disclosed the error, the officer's negligence or mistake will not invalidate a tax sale. Gilley v. Southern Corporation, 194 Ark. 1134,110 S.W.2d 509 (1937). See also Redfern, supra. (Taxpayer must have known that taxes had not been paid when money intended for the payment was returned by the clerk, and inspection of the redemption certificate would have disclosed the fact that it did not cover these taxes.)
It becomes apparent that the resolution of issues involving the effect of a negotiated sale will in all likelihood turn on equitable considerations, including the extent of the purchaser's awareness that the sale covered all taxes due by law. The purchaser may successfully contend, in a challenge to the subsequent attempt to collect delinquent taxes, that he was authorized to believe that the amount paid constituted full payment, in release of all tax liens. All of the particular facts and circumstances must, however, be considered in determining whether the purchaser acted in good faith in each instance.
While we are therefore unable to offer a conclusive response, due to the factual nature of your inquiry with regard to subsequent collection efforts, the foregoing will hopefully offer general guidance in addressing this issue.
It should be noted, finally, that a different analysis is required with respect to lands certified to the state for tax years prior to 1978. Section 6 (b) of Act 814 of 1987 states:
 All tax delinquent land which has been or will be certified to the State Land Commissioner for tax years prior to 1978 but which has been neither sold nor redeemed, shall not be subject to the provisions of Act 626 of 1983, as amended, or any other Act relating to the sale of land by the Commissioner, but may be sold by the Commissioner at public sales or by private negotiation for whatever price the Commissioner determines to be in the best interest of the State and its local taxing units.
See Publisher's Notes to A.C.A. 26-37-101 (Supp. 1987).
It thus appears that the requirement under Act 626 of 1983 with regard to the purchaser's payment of "all delinquent taxes" (A.C.A. 26-37-302 (a) (Supp. 1987)) does not apply in the context of lands which are certified for tax years prior to 1978. The negotiated sale price in that instance is within the discretion of the Commissioner. The lien for all taxes delinquent at the point of sale is, in my opinion, discharged upon the sale of such lands.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] See discussion, infra, regarding the sale of delinquent land certified to the state for tax years prior to 1978. Although we have found no cases involving negotiated tax sales (due undoubtedly to the relatively recent enactment of this procedure, which is embodied in Act 626 of 1983, as amended), a review of cases in the area of redemption may offer some guidance. While it seems clear from these cases that the taxpayer, and arguably the purchaser at a negotiated sale, should not be penalized for the error of a public officer charged with the duty to collect taxes, the Arkansas Supreme Court has also stated that: [O]ne may not discharge his obligation to pay his taxes by showing that he thought he had paid them unless his misapprehension was induced by some officer charged with the duty of collecting the taxes.